United States District Court
District of Minnesota

RECEIVED BY MAIL
JUL 17 2020
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

United States of America

v.

Aaron Broussard
    Defendant.

Criminal No. 0-cr-19-101

Honorable Judge Richard Nelson

SCANNED
JUL 17 2020 CK
U.S. DISTRICT COURT ST. PAUL

Motion for Dismissal of Multiple Counts, Grand Jury minutes, Discovery, Bill of Particulars, Evidentiary Hearing

And Now, comes the Defendant, Aaron Broussard, by and through pro se pursuant to Faretta v. California, 422 U.S. 806 (1975), do hereby submit the "Motion for Dismissal of Multiple Counts, Grand Jury minutes, Discovery, Bill of Particulars, Evidentiary Hearing" and in support of same do aver and therefore state the following:

    1. The defendant was indicted April 10, 2019. Counts 1-15 and 21 of the indictment alleges: conspiracy to knowingly and intentionally distribute several controlled substance analogues and controlled substances, including fentanyl, dibutylone and 4-ethylmethcathinone (4-EMC); statues 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), 802(32)(A), and 813 (count 1); knowing and intentional importation of fentanyl (count 2) statues 952(a)(1), 960(b)(2)(F) and 2; knowing and intentional possession of fentanyl (count 3) statues 841(a)(1) and 841(b)(1)(B); knowing and intentional distributions of fentanyl, which resulted in death or serious bodily injury (counts 4-15) statues 841(a)(1) and 841(b)(1)(C); knowing and intentional possession of 4-EMC (count 21) statues

841(a)(1) and 841(b)(1)(c).

2. There's a high probability that prosecutorial misconduct has occurred during the grand jury proceedings: e.g. providing misinformation or failing to provide such critical information; and possible withholding of substantial exculpatory alleged evidence solely to achieve probable cause for an indictment.

3. I concede presentation of exculpatory evidence is not a binding obligation typically (504 US 36, US v. Williams); but evaluated in conjunction with the other error examples amplifies the prosecutorial misconduct claim. And truly, the alleged evidence is so intertwined that it would've been a challenge to purposely or inadvertently withhold anything exculpatory. Thus making the exculpatory alleged evidence extremely substantial and exacerbates the egregiousness of the withholding if actually occurred.

4. The leading claim of prosecutorial misconduct is the misinformation given or the failure to provide such information to the grand jury, in regards to an alleged controlled substances analogue's (alleged to be 4-fluoroamphetamine) federal legal status (808 F. 2d 723, US v. Page; 481 F. Supp. 1385, US v. Roberts). If the theory of accidental importation, possession, and distribution of fentanyl (schedule II controlled substance) was presented, it would have been technically impossible to achieve probable cause if the grand jury was unequivocally aware that an alleged Analogue of a controlled substance is not itself a controlled substance (statue 802(32)(c)(i)). The federal statutory definition of a controlled substance is a substance specifically listed within the federal schedules list (statues 802(6) and 812). The error(s) is undoubtly (substantially) influential to the grand jury's decision to indict, therefore dismissal is appropriate (487 US 250, Bank of Nova Scotia v. US).

5. To clear any ambiguity about an alleged Analogue of a controlled substance's federal legal status: I am

not formally charged with violating "the Analogue Act" (collectively, statues 802(32)(A) and 813; 135 S. Ct. 2298, McFadden v. US) in regards to the fentanyl counts of the indictment (1-15). An alleged Analogue can not be treated as a controlled substance without the essential elements being charged within the counts*, in respect of the Fifth Amendment. It would be a Constitutional right violation to be convicted of crimes not charged. Any evidence and jury instructions produced during a trial, in regards to uncharged conduct, will result in constructive amendments; (179 F.3d 412, 1999 US APP LEXIS 11168, Lucas v. O'Dea).

  \* Which in this case would be intricisly, reason being: duplicity errors. The counts would infer two differents and seperate code violations: attempt possession/distribution and actual possession/distribution. The government would be forced to abandon one violation to proceed trial, or pursue a superseding indictment seperating the alleged violations between individual counts. A potential conviction of one can not be pled as res judicata, or supplement the other. It's decided by the Supreme Court: each count in an indictment is to be treated as a seperate indictment; 469 US 57, US v. Powell.

  6. Maliciously presenting a narrative of purposeful distribution, importation and possession of fentanyl to solely achieve probable cause and subsequently fulfilling a premeditated commitment to abandon such position once an indictment is achieve is severely egregious. Also is misleading a grand jury with insincere claims that both (accidental and purposeful) theories may be reasonably possible.

  7. I'm currently held within Pennsylvania in connection to a seperate indictment, charging alleged conduct closely related to this indictment. In reference to the Pennsylvania case; not at all within documentation created (brief-like document received by myself Nov. 2017) and also expressed verbally by the government here in Pennsylvania, have the defendant and his appointed counsel within Pennsylvania experience a projected belief of possible purposeful distribution, importation or possession of fentanyl; in fact it was in the contrary. Though I currently

have not points of reference of this position, specifically expressed by the government within the District of Minnesota, I feel such testament is still relevant and a valid reference.

8. Grand jury minutes, Bill of Particulars, Discovery, Affidavits and further documentation created by the government establishing their intended and consistent position/theory within this case would be crucial in affirming these claims. An Evidentiary hearing may be necessary, so the government can further elaborate their position; and for the presentation of the brief-like document referenced in section 7 of this motion.

9. In reference to count 21 of the indictment, 4-ethylmethcathinone also known as 4-EMC, is not a controlled substance (statues 802(6) and 812). Nor is dibutylone (count 1).

Wherefore, due above, Mr. Broussard respectfully requests that this Honorable Court grant Mr. Broussard "Motion for Dismissal of Multiple Counts, Grand jury minutes, Discovery, Bill of Particulars, Evidentiary Hearing".

Respectfully Submitted:

[signature]

Aaron Broussard, defendant, pro se
Lackawanna County Prison
1317 N. Washington Avenue
Scranton, PA 18509