UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 0:19-cr-101 (SRN/KMM) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Aaron Rhy Broussard, | |
| Defendant. | |

This matter is before the Court on Aaron Broussard's motions for discovery and disclosure, as well as other non-dispositive pretrial relief. The Court held a hearing on the motions on May 10, 2021, at which the government was represented by counsel and Mr. Broussard appeared pro se. Based on the parties' submissions and the argument at the hearing, the Court enters the following Order.

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 [ECF No. 17]**

Pursuant to several Rules of Criminal Procedure, the government seeks discovery and disclosure from Mr. Broussard. The government seeks discovery regarding documents and tangible objects; reports of examinations and tests; expert testimony; any alibi defense; any insanity defense or defense based on mental illness; any claim of public authority; and witness statements. The government's motion is **GRANTED** to the extent that Mr. Broussard shall provide discovery as required by the applicable Rules of Criminal Procedure.

With respect to expert disclosures, the government shall make any expert disclosures at least **four weeks prior to trial**. Mr. Broussard shall make any expert disclosures at least **three weeks prior to trial**.

### 2. Mr. Broussard's Motion to Retain Rough Notes [ECF No. 46]

Mr. Broussard requests an order requiring the government to preserve any handwritten or recorded notes taken in connection with the investigation of this matter. The government has instructed its agents to retain their rough notes concerning this investigation. Mr. Broussard's motion is **GRANTED** to the extent that it seeks to compel the government to retain any rough notes and evidence as required by the United States Constitution, Federal Rules of Criminal Procedure, and applicable case law and statutes. Disclosure of such materials is not required by this Order.

### 3. Mr. Broussard's Motion for Discovery for Chain-of-Custody Material [ECF No. 47]

Mr. Broussard requests all chain-of-custody materials concerning this investigation. The Governments provides that it has thus far provided all such materials to Mr. Broussard and that it will endeavor to continue to do so. Mr. Broussard's motion is **GRANTED** to the extent that it seeks discovery that the government is required to disclose under its discovery obligations.

### 4. Mr. Broussard's Motion to Compel Discovery [ECF No. 48]

Mr. Broussard seeks an order requiring the government to provide a wide range of discovery materials pursuant to Federal Rules of Criminal Procedure 16, 702, 703. 705, 404(b), 608(b). The government contends that it has and will continue to comply with its discovery obligations, but that Mr. Broussard's requests are overbroad and encompass materials that would be considered attorney-work-product materials. To the extent that Mr. Broussard seeks disclosure of materials which fall under the attorney-work-product privilege, his motion is **DENIED**. However, the Court notes that, at the hearing on these motions, the government represented that it has been and remains committed to "open-file" discovery with Mr. Broussard

in this matter. The Court commends the government's approach in this respect and encourages it to continue providing complete throughout these proceedings.

With respect to expert disclosures under Rule 16(a)(1)(G), the parties shall make such disclosures as provided in the section of this Order addressing the government's discovery motion.

### 5. Mr. Broussard's Motion for Disclosure of Brady and Giglio Material [ECF No. 49]

Mr. Broussard seeks an order from the Court requiring the government to disclose information favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States Giglio*, 405 U.S. 150 (1972), and their progeny. And he specifically seeks information relating to a Pennsylvania police officer who is alleged to have engaged in inappropriate and criminal conduct. At the hearing, the government represented that it did not believe the requested information regarding the rogue officer was exculpatory because it was irrelevant, and that there might be other considerations preventing its disclosure. [Minutes, ECF No. 58]. The Court ordered briefing on the issue, and in its sealed brief, the government represented that the considerations previously preventing its disclosure of the information had abated, and that the government has now provided Mr. Broussard with the information it has on the matter. [Sealed Br. 1, ECF No. 59]. Accordingly, the Court **DENIES** this specific request as moot.

With respect to *Brady* materials generally, Mr. Broussard's motion is **GRANTED** to the extent that the government shall disclose information favorable to the defense as required by *Brady*, *Giglio*, and their progeny. The government should disclose such information as soon as it becomes aware of its existence and on an ongoing basis throughout this prosecution.

### 6. Mr. Broussard's Motion for Disclosure of Grand Jury Minutes [ECF No. 50]

Mr. Broussard seeks an order requiring the government to disclose the minutes or transcripts from the proceedings before the grand jury that returned the Indictment against him. However, "[g]rand jury transcripts need only be released by the government insofar as required under the Jencks Act," which requires the disclosure of a trial witness's prior testimony after they have testified at trial. *United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997). "[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*. 441 U.S. 211, 218 (1979). Accordingly, a defendant must show a "particularized need" for grand jury documents. *See, e.g.*, *United States v. McDougal*, 559 F.3d 837, 840–41 (8th Cir. 2009) (describing the requirement for a showing of "particularized need" as applying to the enumerated exceptions to secrecy set forth at Fed. R. Crim. P. 6(e)(3)(E), including a request made by a criminal defendant). The Court concludes that Mr. Broussard has not shown the particularized need required for disclosure of the documents he seeks. Accordingly, Mr. Broussard's motion is **DENIED**.

**7. Mr. Broussard's Motion for Bill of Particulars [ECF No. 51]**

Mr. Broussard makes several passing requests for a bill of particulars. However, he makes no specific argument in favor of this motion, and instead seems to rely on his overarching argument—addressed in the R&R—that he cannot be charged with distributing a listed controlled substance when he thought he was distributing only a controlled substance analogue. He suggests that because he cannot be charged with distribution of fentanyl, the Indictment's allegations are inherently precarious, and therefore a bill of particulars is appropriate. The Court does not agree.

A bill of particulars is meant to both inform the defendant of the nature of the charges against him, so that he may prepare for trial, and to avoid or limit the risk of unfair surprise at

trial. *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994). As explained in the R&R, the Court is not persuaded by Mr. Broussard's overarching argument. Any ambiguity he reads in the Indictment is a product of his incorrect premise that there is a fundamental flaw in the government's theory. Rejecting that premise, as the Court has, renders the Indictment sufficient to fully and fairly inform Mr. Broussard of the charge against which he must defend. Moreover, any arguable lack of information Mr. Broussard may have had previously regarding how the government might seek to prove its case at trial has been more than corrected by the government's extensive briefing in this case, where it has transparently and in detail described its theory of the case. Accordingly, Mr. Broussard's motion for a bill of particulars is **DENIED.**

Date: July 13, 2021         *s/ Katherine Menendez*
                            Katherine Menendez
                            United States Magistrate Judge