UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON RHY BROUSSARD,<br><br>Defendant. | Criminal File No. 19-cr-0101 (SRN/ECW)<br><br>**Order** |

Thomas M. Hollenhorst and Melinda A. Williams, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Aaron R. Broussard, SPN #13200, Sherburne County Jail, 13880 Business Center Drive Elk River, MN 55330, pro se Defendant.

Aaron J. Morrison, Wold Morrison Law, Suite 705, 331 Second Avenue South, Minneapolis, MN 55401, stand-by counsel for Mr. Broussard.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motions for Pretrial Conference and Trial Continuance [Doc. Nos. 112, 113] filed by Defendant Aaron Broussard. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the motions.

I.   PROCEDURAL BACKGROUND

The Government filed the Indictment [Doc. No. 1] on April 10, 2019. About two weeks later, Defendant filed a pro se motion to dismiss [Doc. No. 5]. The Court then issued an order appointing counsel for Defendant [Doc. Nos. 7, 10]. About six weeks later,

1

Defendant moved to substitute counsel [Doc. No. 25].  During the pendency of that motion, Defendant also moved the Court to permit him to proceed pro se [Doc. No. 27].  The Court granted the motion to substitute counsel [Doc. No. 28] and denied without prejudice the motion to proceed pro se [Doc. No. 29].

Eight days later, Defendant again filed a motion to proceed pro se [Doc. No. 33]. After a Faretta hearing, the Court granted that motion, but appointed very able stand-by counsel to be available to Mr. Broussard.  [Doc. Nos. 36, 37].  The Court then set a trial date for November 15, 2021 [Doc. No. 64].

About five weeks prior to trial, Defendant filed a motion for a continuance.  (Mot. Pretrial Conference and Trial Continuance [Doc. No. 81] ("First Motion").)  In that motion, Defendant requested a 90-day extension in the trial date to (1) retain experts and (2) receive and review discovery materials.  (*Id.* at 1–2.)  The Defendant also noted that he was having software issues in the jail's law library and that he needed additional time given the complexity of the case.  (*Id.*)

The Court granted that motion, setting a new trial date for January 18, 2022.  (Nov. 8, 2021 Order [Doc. No. 91] ("November Order").  Due to a conflict with that date, the parties stipulated to a new trial date of March 14, 2022.  (*Id.* at 2.)  Defendant agreed to exclude the time between October 13, 2021, and March 14, 2022, from Speedy Trial Act calculations.  (Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act [Doc. No. 85].)  Accordingly, the Court set a trial date for March 14, 2022.  (November Order at 2.)

On January 20, 2022, Defendant again moved for a 90-day trial continuance. (Mot. Pretrial Conference and Trial Continuance [Doc. No. 107] ("Second Motion").) Like the First Motion, Defendant requested more time to (1) obtain expert witnesses and (2) receive and review discovery. (*Id.* at 1–2.) Defendant again noted issues with the software in the law library and the complexity of the case. (*Id.*) In fact, portions of the Second Motion exactly mirror the First Motion. (*Compare id.* at 1–2, *with* First Motion at 1–2.) The Court denied the Second Motion on January 27, 2022 [Doc. No. 109].

Despite that denial, Defendant filed yet another motion to continue the trial, which is the motion currently before the Court. (Mot. Pretrial Conference and Trial Continuance ("Third Motion").) Defendant again requests a 90-day continuance to (1) acquire certain experts and (2) receive and review discovery materials. (*Id.* at 1–2.) He also explains that preparing for trial is difficult due to his imprisonment, noting that he has problems accessing the law library due to Covid-19 lockdowns and that the mail policy delays his reception of discovery materials. (*Id.* at 2–3.)

The Government opposes the motion because Defendant (1) received the bulk of the discovery materials in December 2020, (2) has now received most, if not all, materials concerning the Government's witnesses, and (3) still has five weeks to prepare for trial. (Gov't Opp'n [Doc. No. 117] at 3–5.) The Government also notes that it would suffer a hardship if the trial were delayed again. (*Id.* at 4–5.)

## II.   DISCUSSION

### A.   Legal Standard

When determining whether to grant a continuance, district courts "must balance the asserted need for the continuance against the hardship of the resulting delay, and should also consider the complexity of the case, the diligence of the party requesting a continuance, and the conduct of the opposing party." *United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014).  Because this balancing depends on the circumstances of each case, the trial court "must be afforded substantial discretion." *United States v. Coronel–Quintana*, 752 F.2d 1284, 1287–88 (8th Cir.1985).

### B.   Analysis

The Court denies Defendant's motion for a continuance.  Defendant has had over 14 months to prepare for trial.  *See Farlee*, 757 F.3d at 821 (holding that the district court did not abuse its discretion in denying a continuance motion when defendant "had ten months to prepare for trial"); *United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007) (affirming that more than nine months is sufficient time to prepare for trial); *see also United States v. Goings*, 313 F.3d 423, 426 (8th Cir. 2002) (finding that the district court did not abuse its discretion in denying continuance when "the case had been pending nearly one year").  Accordingly, Defendant has had enough time to find an expert, and receive and review discovery materials.  To the extent Defendant asserts that he has not received discovery from the Government, the Court notes that now, more than a month prior to trial, he is in possession of all discovery materials—the bulk of which he received in December 2020.  *See United States v. Ganter*, 3 F.4th 1002, 1006, 1009 (8th Cir. 2021) (affirming

4

denial of continuance when defendant "had the discovery materials for over a year"). In addition, Mr. Morrison, as stand-by counsel, has been actively engaged in ensuring that Mr. Broussard has all of the trial materials readily available to him.

The Court also finds that granting a continuance would prejudice the Government. *See Farlee*, 757 F.3d at 821 ("[T]he trial judge must balance the asserted need for the continuance against the hardship of the resulting delay.") This case involves witnesses and evidence from twelve states. Since the time that the Court set the trial date for March 14, 2022, the Government has issued approximately 100 trial subpoenas and has been coordinating with witnesses to arrange for their appearance at trial. The Government would be prejudiced by the Court granting another continuance at this time. Further, granting a continuance would cause hardship to many of the Government's witnesses, who have experienced, and continue to experience, stress and anguish in preparing for this trial, which involves testimony and evidence relating to the death of close family members.

The Court appreciates the difficulties incumbent upon Mr. Broussard while appearing pro se and reviewing documents during the Covid-19 pandemic. But those were the reasons for granting the prior 90-day continuance, and the Court finds no reason to grant Defendant's repeated attempt to delay this trial. *See United States v. Strain*, 836 F. App'x 456 (8th Cir. 2021) (concluding that "the district court did not abuse its broad discretion by denying [defendant]'s motion for a trial continuance, as [defendant] had already been granted a continuance . . . and the trial was imminent"); *United States v. Joos*, 638 F.3d 581, 586–87 (8th Cir. 2011) (affirming district court's denial of defendant's third motion for a continuance). Notably, the Government has provided timely and open

discovery in this case, and continues to be ready to help Defendant review "discovery materials if any impediments arise." (Gov't Opp'n at 4.)

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motions for Pretrial Conference and Trial Continuance [Doc. Nos. 112, 113] are **DENIED**.

Dated: February 8, 2022                        s/ Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge