# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA }
v. }
} Case No. 0-CR-19-101
AARON RHY BROUSSARD }
Defendant. }

## OBJECTIONS TO GOVERNMENT'S
## PROPOSED JURY INSTRUCTIONS

AND NOW comes the defendant, Aaron Rhy Broussard, by and through pro se, hereby submits this "*Objections to government's proposed jury instructions*" and in support of the same do aver and therefore state the following:

## I. JURY INSTRUCTIONS

A. Jury instruction No. 2

**1. Conspiracy – Count 1 of the Indictment**

These proposed instructions fail to thoroughly explain that the death or serious bodily injury enhancement applies exclusively to the fentanyl allegation, not the alleged conspiracy as a whole [containing multiple substances]. The language of the enhancement specifically states "if death or serious bodily injury results from the use of such substance", in which *such* substance would have to be fentanyl within this instant case. Whether with intent of this effect or otherwise, the government's proposed instruction significantly [and illegally] broadens the

1

enhancement's application.

### 2. Importation – Count 2 of the Indictment

Referencing the government's proposed second element of the count. It states that the defendant should know he was importing a controlled substance, *"including a controlled substance analogue which the defendant intended for human consumption"*. The including option referring to a "controlled substance analogue" would inevitably constructively amend the count. Whether the government intends to attempt to fulfill the essential elements of the Analogue Act by it's introduction during trial via modification, or assert as fact that a certain item is a controlled substance analogue. Both are reversible errors per se; and essentially incorrect citations of law.

> *"Ever since Ex parte Bain [...], was decided in 1887 it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself [...] The Court went on to hold in Bain: 'that after the indictment was changed it was no longer the indictment of the grand jury who presented it. Any other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney [...]'"* see *Stirone v. United States*, 361 U.S. 212, 216-17, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960)

### 3. Possession and distribution - Counts 3-15, 18

*The defendant refers to subsection 2.* These instructions also contain the "*including a controlled substance analogue which the defendant intended for human consumption*" language. Which would inevitably constructively amend the count. Therefore such instructions are essentially incorrect citations of law.

## B. Jury Instruction No. 16

*The language within Section A, subsection 1 of this document is incorporated herein as if fully set forth.* Also the defendant would like to request the Court to include the *Buy-Seller Relationship* instruction. The alleged evidence would undeniably support such request. There isn't any evidence of elaborate communications, nor any sort of intimacy between the defendant and alleged supplier(s), or any other persons. The alleged communication is essentially analogous to a checkout line process at a Wal-Mart; or a local farmer's market, where sales discretion is liberal.

## C. Jury Instruction No. 18-21, 23

*The language within Section A, subsection 3 of this document is incorporated herein as if fully set forth.*

## D. Jury Instruction No. 26

The instruction fails to ask whether the jury believes "*as a matter of fact, [Dibutylone and 4-EMC] satisfies all of the generally accepted definitions of a 'positional isomer' of [a*

3

*listed controlled substance]*" see United States v. Phifer, 90 F.3d 372, 385-86 (11th Cir. 1018)

**E. Jury Instruction No. 29-30**

The government has misspoken when stating that they and the defendant are in consensus in regards to the facts of the case. The defendant has yet to concede that the alleged facts of the government are true. The defendant has solely spoken in hypothetical in reference to their allegations. These rebuttals presented within hypothetical contexts shouldn't be misconstrued as concessions.

## II. SPECIAL VERDICT FORM

**F. Conspiracy – Count 1 of the Indictment**

*The language within Section A, subsection 1 of this document is incorporated herein as if fully set forth.*

WHEREFORE, due to above, the defendant Mr. Broussard, respectfully requests that this Honorable Court enter an order consistent with the defendant's position.

Respectfully Submitted:

Aaron Rhy Broussard, pro se
SPN #: 13200
Sherburne County Jail
13800 Business Center Drive
Elk River, MN 55330

4