UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON RHY BROUSSARD,<br><br>Defendant. | Criminal File No. 19-cr-0101 (SRN/ECW)<br><br><br>**ORDER** |

Thomas M. Hollenhorst and Melinda A. Williams, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Aaron R. Broussard, SPN #13200, Sherburne County Jail, 13880 Business Center Drive Elk River, MN 55330, pro se Defendant.

Aaron J. Morrison, Wold Morrison Law, Suite 705, 331 Second Avenue South, Minneapolis, MN 55401, stand-by counsel for Mr. Broussard.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Dismiss Counts 16, 17, 18 and to Strike Surplusage from the Indictment [Doc. No. 135] filed by the United States of America ("Government"). Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the motion.

I.   BACKGROUND

The Government filed the Indictment [Doc. No. 1] on April 10, 2019, charging Mr. Broussard with 21 counts related to importation, possession, and distribution of controlled substances. The Government has now moved to dismiss counts 16, 17, and 18 and strike

1

surplusage in the Indictment, and renumber counts 19, 20, and 21 as 16, 17, and 18 [Doc. No. 135].

## II.  DISCUSSION

"The general rule is that an indictment may not be amended." *United States v. Burnett*, 582 F.2d 436, 438 (8th Cir. 1976).  However, the court may grant a request to strike surplusage or dismiss counts of an indictment by (1) striking out anything "merely a matter of form," (2) "where it is surplusage and nothing is thereby added to the indictment, and the remaining allegations state an offense," or (3) "where the elimination limits the charge of the indictment, rather than broadening it." *Id.* (internal quotation marks and citations omitted); *see also Salinger v. United States*, 272 U.S. 542, 546 (1926) (holding that indictment was not amended when court withdrew from the jury charges that were not supported by the evidence); *United States v. Ross*, 210 F.3d 916, 922–23 (8th Cir. 2000) (holding that the elimination of the dollar value of the scheme and two counts of money laundering was merely surplusage that did not change the indictment); *United States v. Brik*, Crim. No. 15-CR-78 (SRN/BRT), 2016 WL 3753080, at *2 (D. Minn. July 11, 2016) (granting motion to narrow indictment for trial, explaining that "[t]he Supreme Court has held that an indictment may be amended to drop allegations that are not essential to the charged offense"); *United States v. Benedict*, Crim. No. 13-CR-150 (SRN/FLN), 2013 WL 6404956, at *2 (D. Minn. Dec. 6, 2013) (same).

*Salinger* is instructive.  There, a grand jury charged the defendant by indictment with several counts of mail fraud.  *Salinger*, 272 U.S. at 546.  All the counts related to the same scheme to defraud, but each separate count alleged a distinct plan by which the

defendant allegedly carried out the scheme. *Id.* at 546–48. At trial, the evidence only supported one of those plans, and, therefore, the court withdrew from the jury those counts alleging plans not supported by the evidence. *Id.* at 548–49. The Supreme Court held that doing so was permissible and did not amend the indictment. *Id.* at 549.

Here, the Government requests that the Court (1) cut surplusage from the Indictment, (2) dismiss three counts, (3) narrow Count 20 to allege a specific controlled substance analogue (rather than any controlled substance analogue), and (4) renumber the remaining counts. After reviewing the proposals, the Court concludes that, like in *Salinger*, these changes merely eliminate and narrow the charges in the Indictment, rather than broaden them, which is permissible. Accordingly, the Court grants the Government's motion to dismiss counts 16, 17, and 18, and to strike surplusage from the Indictment.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the Motion to Dismiss Counts 16, 17, 18 and to Strike Surplusage from the Indictment [Doc. No. 135] filed by the United States of America is **GRANTED** as follows:

1. Counts 16, 17, and 18 of the Indictment are **DISMISSED**;
2. The following language is stricken from the Indictment as surplusage:
    a. The words "ethylpentylone hydrochloride, ethylphenidate" from Paragraph 1 in Count 1;
    b. Paragraphs 3.o., 3.p., and 3.q. under the section titled "Overt Acts of the Conspiracy" in Count 1.
    c. The word "ethylphenidate" in Paragraph 3.s. under the section titled "Overt Acts of the Conspiracy" in Count 1.

    d. The words "dibutylone hydrochloride, ethylphenidate" in Count 20.

3. The language in Count 20 shall be substituted as follows:

    a. Replacing "Controlled Substance Analogues" with "2-(Ethylamino)-1-Phenylhexan-1-One Hydrochloride)" in Count 20's caption;

    b. Replacing "mixtures and substances" with "a mixture and substance";

    c. Replacing "detectable amounts" with "a detectable amount"; and

    d. Replacing "all controlled substance analogues" with "a controlled substance analogue."

4. Counts 19, 20, and 21 shall be renumbered as counts 16, 17, and 18;

5. Paragraphs 3.r. and 3.s. under the section titled "Overt Acts of the Conspiracy" in Count 1 shall be renumbered as paragraphs 3.o. and 3.p., respectively.

6. The Government shall re-file the Indictment reflecting these changes by March 1, 2022.

Dated: February 28, 2022            s/ Susan Richard Nelson
                                                             SUSAN RICHARD NELSON
                                                             United States District Judge