UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON RHY BROUSSARD,<br><br>Defendant. | Criminal File No. 19-cr-0101 (SRN/ECW)<br><br><br>**ORDER** |

Thomas M. Hollenhorst and Melinda A. Williams, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Aaron R. Broussard, SPN #13200, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330, pro se Defendant.

Aaron J. Morrison, Wold Morrison Law, Suite 705, 331 Second Avenue South, Minneapolis, MN 55401, stand-by counsel for Mr. Broussard.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Pro Se Motion to Stay or Injunction Pending Appeal [Doc. No. 131] filed by Defendant Aaron Rhy Broussard. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the motion.

**I.   BACKGROUND**

The Court previously explained the procedural background of this case at some length in its February 8, 2022 Order [Doc. No. 118] (the "Order"), denying Defendant's

1

Motions for Pretrial Conference and Trial Continuance. The Court therefore recites only the relevant procedural developments since the Order.

Following entry of the Order, Defendant filed an interlocutory appeal with the Eighth Circuit, challenging the denial of the continuance. (*See* Doc. Nos. 133, 138; *see also* App. Case No. 22-1353). At the same time, Mr. Broussard filed this motion to stay proceedings pending his appeal.

In seeking a stay of the Order, Defendant argues that the factors favoring a stay are present. (Def.'s Mot. & Mem. at 6–7.) He argues that he is likely to prevail on the merits because the Order violates his rights to due process and a fair trial. (*See id.* at 6.) He also contends that he suffers irreparable injury due to the violation of those rights, especially considering that he is a pro se litigant who faces a sentence of life imprisonment. (*See id.* at 3–6.) He further argues that the Government will not be substantially harmed by a stay and that a stay is in the public interest. (*Id.* at 6–7.)

## II. DISCUSSION

A party must first move the district court for a stay of an order of the district court that is pending appeal. Fed. R. App. P. 8(a)(1). In exercising its discretion whether to grant a stay, the district court considers the following factors: (1) whether the movant is likely to prevail on the merits on appeal; (2) whether the movant will suffer irreparable damage absent a stay; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served by issuing the stay. *United States v. Hernandez*, No. 98-0721-CR-LENARD/DUBÉ, 2001 WL 37126805, at *1 (S.D. Fla. Apr. 17, 2001); *see also United States v. Jewell*, No.

4:07CR00103 JLH, 2008 WL 2924312, at *1 (E.D. Ark. July 23, 2008) (applying same standard).

### A.   Likelihood of Success on the Merits

#### 1.   Jurisdiction

The Court of Appeals for the Eighth Circuit "shall have jurisdiction of appeals from all final decisions" of Minnesota's federal district court. 28 U.S.C. § 1291; *Abney v. United States*, 431 U.S. 651, 653 n.1 (1977) . In criminal cases, "final judgment . . . means sentence." *Berman v. United States*, 302 U.S. 211, 212 (1937); *see also Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) ("[T]he sentence is the judgment in a federal criminal case." (internal quotation marks omitted)). Put another way, appellate review is generally prohibited in criminal cases "until after conviction and imposition of sentence." *United States v. McIntosh*, 833 F.3d 1163, 1170 (9th Cir. 2016) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). And courts put an emphasis on finality in "criminal prosecutions because encouragement of delay is fatal to the vindication of the criminal law." *United States v. MacDonald*, 435 U.S. 850, 853–54 (1978) (internal quotation marks omitted).

However, courts have created an exception to the final judgment rule, called the "collateral order" exception. *Id.* at 854. In criminal proceedings, courts have found jurisdiction under the collateral order exception only when criminal defendants appeal three types of motions—motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause. *Midland Asphalt*, 489 U.S. at 799. Outside those types of motions, courts exercise "the utmost strictness" in

3

applying the collateral order exception in criminal cases. *Id.* (internal quotation marks omitted).

In most cases, the denial of a motion for a trial continuance is not a final decision. *See United States v. Breeden*, 366 F.3d 369, 375 (4th Cir. 2004) ("[A]n order granting or denying a continuance is not a 'final order' for purposes of the collateral order doctrine because it can be effectively reviewed post-judgment."); *see also United States v. Hargrove*, No. CRIM.A. 03-20192-CM, 2005 WL 2122650, at *1 (D. Kan. Aug. 25, 2005) (holding that it retained jurisdiction despite defendant's pro se notice for appeal because the denial of a continuance "is not an immediately appealable 'final order' "). This is because the defendant has not been tried, convicted, or sentenced. Moreover, federal courts usually refuse, "except in rare instances, to enjoin federal criminal prosecutions." *McIntosh*, 833 F.3d at 1172; *see also United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) ("The divestiture of jurisdiction rule, applied in conjunction with Abney, would enable a criminal defendant to unilaterally obtain a trial continuance at [a]ny time prior to trial by merely filing a double jeopardy motion, however frivolous, and appealing the trial court's denial thereof.") Thus, federal criminal defendants usually cannot obtain stays or injunctions relating to ongoing federal prosecutions. *See McIntosh*, 833 F.3d at 1172.

Here, the Court has not issued a final decision. Because Mr. Broussard has appealed the Order prior to being convicted and sentenced, this Court anticipates that the Eighth Circuit will likely dismiss this appeal for lack of jurisdiction. *See Midland Asphalt*, 489 U.S. at 797 (1989) (affirming the Second Circuit's dismissal of the appeal for lack of jurisdiction because district court's denial of the motion to dismiss was not a final

decision); *see also United States v. Heijnen*, 375 F. Supp. 2d 1247, 1250 (D.N.M. 2005) ("Because the Court does not believe that the United States Court of Appeals for the Tenth Circuit will entertain his notices of appeal until this Court enters final judgment, there is no sound reason to stay the case while his notices of appeal are pending."); 28 U.S.C. § 1291 (providing that courts of appeal have jurisdiction over "all final decisions" of federal district courts).

### 2. The Merits

#### a. Rights to due process and a fair trial

Setting aside the jurisdictional barrier for a moment, the Court will address the merits of the appeal. Mr. Broussard asserts that he is likely to prevail on the merits because the Court violated his rights to due process and a fair trial by denying the continuance, especially considering he is a pro se litigant facing a life sentence. (Def.'s Mot. & Mem. at 4, 6.) He contends that he needs more time to prepare for trial because of (1) the complexity of the case; (2) the conditions of his imprisonment; (3) the deficiency of the Government's discovery; and (4) his COVID-19 infection. (*Id.* at 2–7.)

Federal courts have explained that "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process." *United States v. Parker*, 587 F.3d 871, 879 (8th Cir. 2009) (internal quotation marks omitted). Instead, "[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.*

Here, the Court finds that the circumstances of this case do not establish a violation of Mr. Broussard's rights. The Government filed the Indictment on April 10, 2019—more

than two-and-a-half years ago. The trial was initially set to begin on November 15, 2021, but the Court granted Mr. Broussard's first motion for a 90-day continuance. Due to a scheduling conflict, the 90-day continuance has turned into a 119-day continuance. Nothing suggests that Mr. Broussard has been deprived of his due process or fair trial rights, especially considering that Mr. Broussard has had years to prepare for trial.

Other courts have reached similar conclusions when faced with similarly situated defendants. *See, e.g.*, *United States v. Blosser*, 440 F.2d 697, 698–99 (10th Cir. 1971) (rejecting argument that denial of continuance deprived defendant of right to counsel and a fair trial because, in part, "a prior continuance by defense counsel had been obtained several months previously for similar reasons"); *United States v. Weisman*, 858 F.2d 389, 391 (8th Cir. 1988) (holding that the district court did not abuse its discretion in denying a continuance that would have afforded the defendant "more time to prepare his pro se defense"); *United States v. Joos*, 638 F.3d 581, 587 (8th Cir. 2011) (denying third continuance motion, explaining that "[t]he right to self representation 'does not exist . . . to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process.' " (quoting *United States v. Edelmann*, 458 F.3d 791, 807 (8th Cir. 2006)).

For example, in *Weisman*, the district court had appointed counsel to represent the defendant against charges of drug conspiracy and distribution. 858 F.3d at 389–90. A few weeks prior to trial, the defendant moved to have his counsel dismissed and to appear pro se, which the court granted 13 days prior to trial. *Id.* On appeal, the Eighth Circuit held that, although "he had decided to represent himself weeks in advance of the . . . trial date,"

he "had ample time to prepare for trial," especially considering "he had been granted three continuances and ha[d] not shown that he was unable to do anything at trial that he would have been able to do with additional preparation." *Id.* at 391.

Here, like in *Weisman* and *Joos*, Mr. Broussard has not shown that he needs time to do something that he has been unable to do before. And like in *Blosser*, Mr. Broussard raises similar issues for why he needs a continuance (i.e., complexity of the case, prison conditions, and discovery issues) that he raised when the Court granted his first motion for a continuance.

      **b.**      **Factors relevant to the Court's decision to deny a continuance**

Moreover, Mr. Broussard is unlikely to be able to demonstrate that the Court abused its discretion in denying his latest motion for a continuance. The district court has broad discretion whether to grant a continuance. *Weisman*, 858 F.2d at 391. On appeal, the Eighth Circuit reviews "only for abuse of that discretion," reversing "only if the moving party was prejudiced by the denial." *United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014) (internal quotation marks and citation omitted). In determining whether the district court abused its discretion, the Eighth Circuit reviews whether the court erred in weighing the following factors:

1) the nature of the case and whether the parties have been allowed adequate time for trial preparation;

2) the diligence of the party requesting the continuance;

3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;

4) the effect of the continuance and whether a delay will seriously disadvantage either party; [and]

5) the asserted need for the continuance, with weight to be given sudden exigencies and unforeseen circumstances.

*United States v. Bernhardt*, 642 F.2d 251, 252 (8th Cir. 1981).

The Court has in fact weighed each of these factors in denying Mr. Broussard's latest continuance motion. In particular, Mr. Broussard has had adequate time to prepare for trial. *See Farlee*, 757 F.3d at 821 (holding that the district court did not abuse its discretion in denying a continuance motion when defendant "had ten months to prepare for the trial"); *United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007) (affirming that more than nine months is sufficient time to prepare for trial); *United States v. Goings*, 313 F.3d 423, 426 (8th Cir. 2002) (finding that the district court did not abuse its discretion in denying defendant's fourth continuance motion when, amongst other things, "the case had been pending nearly one year"); *see also United States v. Ware*, 890 F.2d 1008, 1010 (8th Cir. 1989) ("The record shows [defendant] was ably assisted by his advisory counsel and that the court and prosecution regularly advised him as to procedural and other trial matters.").

For example, in *Myers*, the defendant appeared pro se with the benefit of stand-by counsel. 503 F.3d at 680–81. The Eighth Circuit concluded that the defendant had sufficient time to prepare for trial, noting that the defendant filed "hundreds of *pro se* filings, many frivolous or repetitive." *Id.* at 681. Although the defendant alleged that he had been denied access to his legal files, the court clarified that "his standby counsel had

8

canvassed the boxes and given [the defendant] copies of documents from them." *Id.* Accordingly, the Eighth Circuit affirmed the district court's denial of a continuance.

Here, like in *Myers*, Mr. Broussard has had many months to prepare for trial and has filed dozens of lengthy repetitive pro se motions. And like in *Myers* and *Ware*, Mr. Broussard is assisted by very able stand-by counsel. In addition to stand-by counsel, the Government has been open with discovery, helping Mr. Broussard sift through discovery when needed. Moreover, the reasons Mr. Broussard cites in support of his most recent motion for a continuance make clear that Mr. Broussard's request for additional time is not due to sudden exigencies or unforeseen circumstances. Mr. Broussard cited the very same reasons in support of his motion for a continuance in the fall of 2021. And Mr. Broussard cannot reasonably deny the harm to the Government, which has subpoenaed dozens of witnesses from across the country to appear for trial beginning on March 14, 2022. Nor can he deny the harm to the victims' families from further delay in this matter.

For these reasons, the Court finds that Mr. Broussard is unlikely to succeed on the merits.

### B.     Irreparable Injury

Mr. Broussard has also failed to demonstrate irreparable injury. In arguing that he will suffer irreparable injury absent a stay, Mr. Broussard simply re-argues the merits of his motion. Accordingly, the Court finds that Mr. Broussard has not shown irreparable injury and, therefore, finds that this factor weighs in favor of not granting a stay.

## C. Substantial Harm

The Court finds that Mr. Broussard has not met his burden of showing that the Government will not be substantially harmed. As explained above, the Government has over eighty witnesses prepared to attend trial beginning on March 14, 2021. Thus, a delay at this time would cause substantial harm. Moreover, the victims would be substantially harmed by further delay. *See United States v. Wilhite*, No. 00-CR-00504-CMA, 2018 WL 722463, at *1 (D. Colo. Jan. 9, 2018) (finding against granting a stay because delaying trial entails plaintiff "skirting his obligations to the victim of his criminal behavior"). Therefore, the Court finds that this factor weighs in favor of denying the stay.

## D. The Public Interest

Mr. Broussard contends that the public interest weighs in favor of granting the stay, asserting that the public has an interest in protecting his due process and fair trial rights. (Def.'s Mot. & Mem. at 6–7.) However, as explained above, the Court finds that Mr. Broussard is not likely to prevail on the merits of his claims that his due process and fair trial rights have been harmed.

Instead, courts should avoid unnecessarily prolonging criminal matters. *United States v. Smith*, No. 3:16-cr-00086-SLG-1, 2021 WL 3124956, at *2 (D. Alaska July 23, 2021). The government, the victims and their families, and the public have an interest in resolving criminal matters in a timely manner. *Id.*; *see also* 18 U.S.C. § 3771 (providing that crime victims have the "right to proceedings free from unreasonable delay"); *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (noting that the public has an interest

"in the speedy administration of justice"). Accordingly, the Court finds that consideration of the public interest weighs in favor of denying the stay.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the Pro Se Motion to Stay or Injunction Pending Appeal [Doc. No. 131] filed by Defendant Aaron Rhy Broussard is **DENIED**.


Dated: March 1, 2022                                s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge