## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON RHY BROUSSARD,<br><br>Defendant. | Criminal File No. 19-cr-0101 (SRN/ECW)<br><br><br>**ORDER** |

Thomas M. Hollenhorst and Melinda A. Williams, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Aaron R. Broussard, SPN #13200, Sherburne County Jail, 13880 Business Center Drive Elk River, MN 55330, pro se Defendant.

Aaron J. Morrison, Wold Morrison Law, Suite 705, 331 Second Avenue South, Minneapolis, MN 55401, stand-by counsel for Mr. Broussard.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Government's Motion to Dismiss Count 18 and to Strike Surplusage from the Revised Indictment [Doc. No. 162] and Defendant Aaron Rhy Broussard's Motion for Evidentiary Hearing [Doc. No. 144]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the Government's motion and **DENIES** Defendant's motion as moot.

## I.    BACKGROUND

The Government originally filed a 21-count Indictment [Doc. No. 1]. The Government then moved to dismiss counts 16, 17, and 18 and to strike surplusage from the

1

Indictment [Doc. No. 135], which the Court granted [Doc. No. 153].  In that order, the Court also granted the Government's request to renumber the Indictment to reflect the dismissal (i.e., renumber counts 19, 20, and 21 as counts 16, 17, and 18, respectively).

While the Government's motion was pending, Mr. Broussard filed a motion for evidentiary hearing.  He asserted that the proposed jury instructions were deficient as it relates to dibutylone hydrochloride and 4-ethylmethcathinone hydrochloride ("4-EMC") and thus requested an evidentiary hearing to resolve the matter.  (Def.'s Mot. & Mem. at 1–2.)  In response, the Government moved to dismiss the newly renumbered Count 18 and to strike surplusage in the Revised Indictment, effectively removing dibutylone hydrochloride and 4-EMC from the charges.  Mr. Broussard has no objection to this motion.

## II.     DISCUSSION

The Supreme Court has held that an indictment may be amended to drop allegations that are not essential to the charged offense.  *United States v. Miller*, 471 U.S. 130, 144–45 (1985).  Similarly, the Eighth Circuit has observed that while the general rule is that a court may not amend an indictment, amendment is proper where the amendment is merely one of form, adds nothing to the indictment, and the remaining allegations state the essential elements of an offense.  *United States v. Nabors*, 762 F.2d 642, 647 (8th Cir. 1985) (citing *United States v. Burnett*, 582 F.2d 436, 438 (8th Cir. 1976)).  Moreover, "a finding of prejudice to the defendant must be present before an amendment is held impermissible."  *Id.* (internal quotation marks omitted).

This Court finds that the Government's proposed changes simply narrow the Indictment—they do not broaden it. (*See* Proposed Revised Indictment [Doc. No. 162-1].) Rather, the proposed changes are merely matters of form and do nothing to alter the substance of the charges against Defendant. For these reasons, the Government's motion is granted.[1]

## III.  CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Aaron Rhy Broussard's Motion for Evidentiary Hearing [Doc. No. 144] is **DENIED** as moot; and

2. The Government's Motion to Dismiss Count 18 and to Strike Surplusage from the Revised Indictment [Doc. No. 162] is **GRANTED** as follows:

   a. Count 18 of the Revised Indictment [Doc. No. 161] is **DISMISSED**;

   b. The following words are stricken from Count I in the Revised Indictment [Doc. No. 161] as surplusage: "numerous controlled substances and controlled substance analogues including dibutylone hydrochloride" and ", and 4-ethylmethcathinone hydrochloride ("4-EMC")" in Paragraph 3.p. under the section titled "Overt Acts of the Conspiracy";

   c. The language in Count I shall be substituted as follows:

      i. Replacing "and mixtures and substances containing detectable amounts of dibutylone hydrochloride and 4-ethylmethcathinone hydrochloride ("4-EMC"), all controlled substances" with "a controlled substance" in Paragraph 1(a);

      ii. Replacing "all" with "both" in Paragraph 1(b);

---

[1] Because the Court grants the Government's motion, the Court denies as moot Defendant's motion for an evidentiary hearing relating to dibutylone hydrochloride and 4-EMC.

      iii.  Replacing "controlled substances" with "controlled substance" in Paragraph 1(c);

      iv.  Replacing "controlled substances" with "controlled substance" in Paragraph 1(d); and

  d.  The following language in Count 13 shall be substituted as follows:

      i.  Replacing "V.KY.P." with "V.K.Y.P."

Dated: March 9, 2022

                      s/ Susan Richard Nelson
                      SUSAN RICHARD NELSON
                      United States District Judge