UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON RHY BROUSSARD,<br><br>Defendant. | Criminal File No. 19-cr-0101 (SRN/ECW)<br><br>**ORDER** |

Thomas M. Hollenhorst and Melinda A. Williams, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Aaron R. Broussard, SPN #13200, Sherburne County Jail, 13880 Business Center Drive Elk River, MN 55330, pro se Defendant.

Aaron J. Morrison, Wold Morrison Law, Suite 705, 331 Second Avenue South, Minneapolis, MN 55401, stand-by counsel for Mr. Broussard.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Government's Motion in Limine to Bar Certain Evidence and Arguments [Doc. No. 111]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the motion.

**I.    BACKGROUND**

The relevant procedural history has been explained at some length in the Court's March 9, 2022 Order [Doc. No. 166] denying Defendant Aaron Broussard's motions in limine. The Court therefore summarizes only the motion before it.

The Government timely filed this motion in limine on January 28, 2022. The Government seeks to bar Mr. Broussard from introducing evidence concerning the grand jury proceedings, and from arguing that the grand jury proceedings were flawed. (Gov't Mot. & Mem. at 1, 3–4.) The Government also seeks to prevent Mr. Broussard from arguing that the Indictment has been constructively amended. (*Id.* at 2–3.) Lastly, the Government seeks to bar Mr. Broussard from arguing at trial that he is innocent because the Government is unable to prove the requisite criminal intent under the Controlled Substances Act ("CSA") because there is only evidence that he intended to distribute 4-FA, which appears to be a controlled substance analogue, while there is no evidence that he intended to distribute a controlled substance. (*Id.* at 4.)

## II.   DISCUSSION

### A.   Evidence and testimony relating to the grand jury proceedings

The Government moves to preclude Mr. Broussard from introducing evidence from or making arguments about the integrity of the grand jury proceedings.

"[G]rand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." *United States v. Hintzman,* 806 F.2d 840, 843 (8th Cir.1986). Challenges to grand jury proceedings are resolved by the trial judge, not a jury. *See United States v. Armilio*, 705 F.2d 939, 942 (8th Cir. 1983) ("By submitting, for example, a transcript of the grand-jury proceedings, the government enables the trial court to assess a multiplicity of facts and decide as a *matter of law* whether the perjured statements were material to the grand jury proceedings." (emphasis in original)); *United States v. Beitling*, 545 F.2d 1106, 1109 (8th Cir. 1976)

("[M]ateriality is a question of law to be decided by the court in light of the circumstances surrounding the grand jury's investigation."). After a final judgment is entered in the case, a defendant may appeal the district court's decision relating to the grand jury proceedings to the court of appeals. *See* 28 U.S.C. § 1291; *see also United States v. Darden*, 688 F.3d 382, 384 (8th Cir. 2012) (appealing conviction by alleging that "the government engaged in misconduct during grand jury proceedings"); *United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006) (arguing on appeal that the district court erred by not dismissing one of the counts due to grand jury error).

Here, the Court has already found that the grand jury proceedings were proper. (Order Adopting R&R & Affirming Order [Doc. No. 69] ("Order Adopting R&R") at 12–18.) To the extent Mr. Broussard disagrees, he may appeal that decision to the Eighth Circuit once a final judgment is entered in this case. *See* 28 U.S.C. § 1291 ("The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts."). Accordingly, the Court grants the Government's motion in limine to bar Mr. Broussard from introducing evidence or testimony regarding the grand jury proceedings.[1]

---

[1] These are the same reasons why the Court also grants the Government's motion in limine to prevent Mr. Broussard from arguing constructive amendment of the Indictment. Specifically, the Court has already ruled that the Indictment has not been constructively amended. (Order Adopting R&R at 7–14.)

### B. Defendant's Theory under the CSA and the Analogue Act

The Government also moves the Court to prohibit Mr. Broussard from arguing that he has a valid defense to the fentanyl distribution charges because he believed that he was distributing a controlled substance analogue and not fentanyl.

The trial judge "instructs the jury on the law applicable to the issues raised at trial." *United States v. White Horse*, 807 F.2d 1426, 1430 (8th Cir. 1986). Put a different way, the trial judge resolves all question regarding the law, while the jury determines issues of fact and applies them to the law. *Id.*; *see also Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.").

Here, the Court has previously ruled that Mr. Broussard's legal interpretation is an "incorrect reading of the law." (Order Adopting R&R. at 10–11 (citing *McFadden v. United States*, 576 U.S. 186 (2015) and *United States v. Sharp*, 879 F.3d 327 (8th Cir. 2018).) To be clear, the Eighth Circuit has already rejected Mr. Broussard's alleged defense. *Sharp*, 879 F.3d at 337 ("[W]hen the Government proves beyond a reasonable doubt that a defendant believed that a substance was an analogue intended for human consumption, that defendant cannot escape liability because the substance turned out to have been on the controlled substance schedules. The belief that he possessed an analogue establishes the defendant's knowledge.") Accordingly, the Court grants the Government's motion to prohibit Mr. Broussard from arguing to the jury that he has a valid legal defense

4

to the fentanyl distribution counts because he believed he was distributing an analogue and not fentanyl.

That being said, the Government must meet its burden of proving each count in the Indictment. Mr. Broussard can make arguments to the jury relating to the facts. For example, he may argue that he did not know that he was distributing 4-FA. Alternatively, he may argue that 4-FA does not meet the definition of a "controlled substance analogue," or that he did not know that the 4-FA that he distributed was intended for human consumption. *See Sharp*, 879 F.3d at 337. Those are all *factual* matters that the Government must prove, and therefore it is appropriate for Mr. Broussard to present evidence and make arguments relating to those factual issues.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the Motion in Limine to Bar Certain Evidence and Arguments [Doc. No. 111] filed by the Government is **GRANTED**.

Dated: March 10, 2022                                s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge