# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON RHY BROUSSARD,<br><br>Defendant. | Criminal File No. 19-cr-0101 (SRN/ECW)<br><br>**ORDER** |

Thomas M. Hollenhorst and Melinda A. Williams, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Aaron R. Broussard, SPN #13200, Sherburne County Jail, 13880 Business Center Drive Elk River, MN 55330, pro se Defendant.

Aaron J. Morrison, Wold Morrison Law, Suite 705, 331 Second Avenue South, Minneapolis, MN 55401, stand-by counsel for Mr. Broussard.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Aaron Broussard's Motions to Dismiss the Indictment [Doc. Nos. 71, 94, 96, 122]; Motions for Leave to File Untimely Motions [Doc. Nos. 70, 95, 121]; Motion for Grand Jury Minutes [Doc. No. 72]; Motion to Preclude Information [Doc. No. 73]; Motion to Strike [Doc. No. 74]; Motion to Compel [Doc. No. 75]; Motion for Opportunity to Provide Supplemental Briefing [Doc. No. 93]; Motion for Transcripts of Pretrial Motion and Detention Hearings [Doc. No. 84]; Motion for Bill of Particulars [Doc. No 120]; and Motion for Severance [Doc. No. 142]. Based on a review

1

of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** these motions.

I.  **BACKGROUND**

The Court previously outlined the factual background of this case in its September 15, 2021 Order [Doc. No. 69] (the "Order"), adopting the magistrate judge's report and recommendation.  The Court has also previously explained the procedural history of this case at some length in its February 8, 2022 Order [Doc. No. 118], denying Defendant's Motions for Pretrial Conference and Trial Continuance.  The Court therefore recites only the relevant procedural developments.

Mr. Broussard has since filed many repetitive pro se motions.  In particular, he has filed a motion for a bill of particulars, a motion to dismiss the Indictment, and a motion for severance, in addition to several other pending motions regarding substantially the same topics.  The Court addresses these motions below.

II.  **DISCUSSION**

   A.  **Defendant's Motions to Dismiss**

     1.  **The Second Motion to Dismiss [Doc. No. 71]**[1]

Like most of Mr. Broussard's motions, his second motion to dismiss is premised on his legally flawed defense theory that he cannot be found guilty of distribution under the

---

[1]  For reference, Mr. Broussard's first motion to dismiss is in the record at Docket Number 44.  Also, Mr. Broussard's second motion to dismiss is supported by a 15-page brief that includes several other motions, which have been docketed as Docket Numbers 70 through 75.  Although the Court refers to them separately, Docket Numbers 70 through 75 are identical filings.

Controlled Substances Act ("CSA") when he believed he was distributing a controlled substance analogue (hereinafter, "Broussard Defense Theory"). (*See* Def.'s Second Mot. Dismiss at 1–9.) Under that theory, Mr. Broussard again seeks dismissal, alleging constructive amendment of the Indictment and prosecutorial misconduct before the grand jury.[2] (*Compare id.* at 10–11, *with* Def.'s First Mot. Dismiss at 2–16.)

This Court has ruled that the Broussard Defense Theory is contrary to law. (Order at 10–11.) Specifically, the Court concluded that "a defendant may be found guilty if he had the necessary intent to distribute an analogue, but inadvertently distributed an actual controlled substance instead." (*Id.* at 11.) The Court has also ruled that Mr. Broussard's other arguments are meritless, including that the Indictment has been constructively amended. (*Id.* at 12–24.) Because Mr. Broussard essentially re-argues the merits of his first motion to dismiss, the Court construes the second motion to dismiss as a motion for reconsideration. *See* D. Minn. LR 7.1.[3]

---

[2]     Mr. Broussard filed Motions for Leave to File Untimely Motions [Doc. Nos. 70, 95, 121] at the same time that he filed his second, fourth, and fifth motions to dismiss. He also filed a Motion for Opportunity to Provide Supplemental Briefing [Doc. No. 93] in support of the second motion to dismiss. Because the Court has considered Mr. Broussard's motions, the Court denies these motions as moot.

[3]     Local Rule 7.1 applies to "Civil Motion Practice," but courts in this district have applied the same legal standard to reconsideration motions filed in criminal cases. *See, e.g.*, *United States v. Benjamin*, Crim. No. 11-294 (RHK), 2017 WL 1067742, at *2 (D. Minn. Mar. 22, 2017); *see also United States v. Fenner*, Crim. No. 06–211(01) (MJD) (2012 WL 2884988, at *1 (D. Minn. July 13, 2012) (applying Local Rule 7.1 to Section 2255 petition). Although motions for reconsideration also are not addressed in the Federal Rules of Criminal Procedure, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

3

In criminal matters, a motion for reconsideration is "a judicial creation not derived from statutes or rules." *U.S. v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995). A district court has continuing jurisdiction over its criminal cases and is free to reconsider its earlier decisions. *See U.S. v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). Yet, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Johnson*, Crim. No. 16-cr-0193 (WMW/BRT), 2021 WL 424675, at *1 (D. Minn. Feb. 8, 2021) (internal quotation marks and citation omitted). It "should not be employed to relitigate old issues, but rather to afford an opportunity for relief in extraordinary circumstances." *United States v. Hopkins*, Crim. No. 11-230(1) (DWF), 2021 WL 363845, at *1 (D. Minn. Feb. 3, 2021).

Here, Defendant simply rehashes the arguments presented to the Court in his first motion to dismiss, and he has not put forth "a manifest error of law or fact in the [c]ourt's prior orders nor presented newly discovered evidence that would warrant a different result," *Johnson*, 2021 WL 424675, at *1. Simply put, nothing in this motion convinces the Court that it erred in denying the first motion to dismiss. Accordingly, the Court denies the second motion to dismiss as well.[4]

---

[4] Mr. Broussard has also moved for the grand jury minutes, to preclude the Government from describing 4-FA as an analogue, to strike fentanyl from Count I, and to compel the Government to choose between focusing on fentanyl or 4-FA as its theory of the case. (*See* Doc. Nos. 72–75 at 12–15.)

Regarding the grand jury minutes, the Government has turned over the transcript of Special Agent Terry Olstad, who was the only witness to testify before the grand jury, and the Government does not possess any other documents or records relating to the grand jury minutes. (*See* Gov't Response [Doc. No. 83] at 2–3.) Therefore, the Court denies that motion as moot. Likewise, Mr. Broussard's motion to preclude the Government from describing 4-FA as a controlled substance analogue has been properly filed as a motion in

4

### 2. The Third Motion to Dismiss [Doc. Nos. 94]

Defendant has also filed a third motion to dismiss based upon vindictive prosecution. Similar to the second motion to dismiss, Defendant challenges the Court's earlier finding that the Government's actions do not amount to vindictive prosecution. (*See* Def.'s Third Mot. Dismiss at 2–8.) And Defendant does not point to new law or new facts to support his claim. Instead, he re-argues the merits. (*Compare id.*, *with* Def.'s First Mot. Dismiss at 17–22.) Accordingly, the Court also construes the third motion to dismiss as a motion for reconsideration and, not finding any persuasive reason to reconsider the Court's previous Order, denies the third motion to dismiss. *See Johnson*, 2021 WL 424675, at *1 (denying motion for reconsideration when defendant failed to cite "a manifest error of law or fact in the [c]ourt's prior orders nor presented newly discovered evidence that would warrant a different result").

### 3. The Fourth Motion to Dismiss [Doc. No. 96][5]

In addition, Defendant filed a fourth motion to dismiss the Indictment on December 13, 2021. In that motion, Defendant again argues prosecutorial misconduct before the grand jury, asserting lack of probable cause, prejudicial language by the grand jury witness, and abuse of supervisory powers. (Def.'s Fourth Mot. Dismiss at 2–10.) Mr. Broussard

---

limine [Doc. No 119] and, therefore, the Court also denies that motion as moot. Lastly, the motions to strike and compel are based upon the Broussard Defense Theory, and, therefore, the Court denies those motions as meritless.

[5]   Mr. Broussard filed a 10-page brief in support of two motions, which have been docketed as Docket Numbers 95 and 96. Although the Court refers to them separately, Docket Numbers 95 and 96 are identical filings.

again makes substantially the same arguments that he raised in his previous motion to dismiss. (*Compare id.*, *with* Def.'s First Mot. Dismiss at 12–13, 16, 58.) To be sure, this motion is slightly different because Mr. Broussard cites the grand jury minutes, which he did not possess when he filed the first motion to dismiss. However, he does not raise *new* arguments[6]; instead, he asserts that the grand jury minutes confirm his suspicions of prosecutorial misconduct. (*See id.* at 8 ("The defendant's suspicion of the government's wrongful pursuit was confirmed by his partial access to the government's grand jury minutes.").) After carefully reviewing the grand jury minutes cited by Defendant, the Court finds nothing in those citations that warrants a finding of prosecutorial misconduct before the grand jury. Accordingly, the Court denies Defendant's fourth motion to dismiss.

### 4. The Fifth Motion to Dismiss [Doc. Nos. 122][7]

On February 9, 2022, Defendant filed his fifth motion to dismiss the Indictment. Like his previous motions, Defendant re-asserts the Broussard Defense Theory, alleging dismissal is required due to constructive amendment of the Indictment, lack of probable cause, prosecutorial misconduct before the grand jury, and insufficient evidence. (Def.'s

---

[6] Nonetheless, the Court finds that the Indictment is valid on its face and thus any allegedly new argument that the Indictment is inadequate, improper, or based on prejudicial evidence fails. *See United States v. Calandra,* 414 U.S. 338, 345 (1974) (explaining that "the validity of an indictment is not affected by the character of the evidence considered," and that, when an indictment is "valid on its face," it "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence").

[7] Mr. Broussard filed a 9-page brief in support of two motions, which have been docketed as Docket Numbers 121 and 122. Although the Court refers to them separately, Docket Numbers 121 and 122 are identical filings.

Fifth Mot. Dismiss at 3–9.) As explained above and elsewhere, all of these arguments have already been considered by the Court and found to be meritless. (*See* Order at 6–14, 21–22.) And the Court finds that Defendant has not presented any compelling reasons for why the Court should reconsider its analysis. *See Johnson*, 2021 WL 424675, at *1 (denying motion for reconsideration when defendant failed to cite "a manifest error of law or fact in the [c]ourt's prior orders nor presented newly discovered evidence that would warrant a different result"). Accordingly, the Court denies Defendant's fifth motion to dismiss the Indictment.

### B.  Defendant's Other Motions

#### 1.  Motion for Bill of Particulars [Doc. No. 120]

Defendant also seeks a bill of particulars, alleging that it is necessary in order for him to have sufficient and adequate notice of the allegations against him. (*See generally* Mot. Bill Particulars.)

"[T]he primary purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993). The purpose is not discovery or to provide "detailed disclosure of the government's evidence at trial." *Id.* A bill of particulars is not required when the indictment is sufficient to apprise the defendant of the charges against him. *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982). In general, an indictment is considered to be sufficient when it " 'first, contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead double jeopardy as a bar to a future

7

prosecution.'" *United States v. Just*, 74 F.3d 902, 903–04 (8th Cir. 1996) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

As the magistrate judge explained when denying Mr. Broussard's almost verbatim previous motion for a bill of particulars, any ambiguity that Mr. Broussard attributes to the indictment is "a product of his incorrect premise that there is a fundamental flaw in the government's theory." (Magistrate Judge's July 13, 2021 Order [Doc. No. 63] at 5.) The Court has again reviewed the Indictment in its entirety and finds that it is sufficient to apprise Defendant of the charges against him. The Indictment succinctly sets forth each of the essential elements of the offenses charged, and generally tracks the language of the applicable statutes. *See Hamling,* 418 U.S. at 117 ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself . . . ."). Accordingly, Defendant's Motion for Bill of Particulars is denied.[8]

### 2. Motion for Severance [Doc. No. 142]

Mr. Broussard moves the Court to sever Count I from the remaining counts. (Def.'s Mot. Severance at 2.) He argues that joinder causes unfair prejudice because it requires him to develop contradictory defenses because the Government alleges that "the fentanyl conspiracy was committed purposefully by the defendant, but the others were committed unknowingly and unintentionally by the defendant." (*Id.*) The Court disagrees.

---

[8] These are the same reasons why Defendant's Motion for Transcripts of Pretrial Motion and Detention Hearings [Doc. No. 84]—where Mr. Broussard argued that he needed the transcripts to gain "a better understanding of what the government is accusing exactly"—is also denied. (*See* Def.'s Mot. Trs. Pretrial Mot. & Detention Hr'gs at 1.)

8

Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses . . . in an indictment . . . for trial appears to prejudice a defendant or the government, the court may order separate trials of counts." The district court has discretion in determining whether properly joined counts should be severed. *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011). "Judicial economy and legitimate public interests favor a joinder of all offenses against the accused." *United States v. Dennis*, 625 F.2d 782, 801 (8th Cir. 1980); *see also Garrett*, 648 F.3d at 626 ("[T]here is a strong presumption against severing properly joined counts."). Accordingly, if joinder is proper under Rule 8, a defendant seeking severance "has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial." *United States v. Warfield*, 97 F.3d 1014, 1019 (8th Cir. 1996).

Here, Mr. Broussard has not met his burden of demonstrating that a joint trial will infringe his fair trial rights. Instead, Mr. Broussard has improperly characterized the charges in this case. To briefly review, Mr. Broussard has been charged with the following: (1) one count of conspiracy; (2) one count of importation of fentanyl; (3) one count of possession with intent to distribute fentanyl; (4) two counts of possession with intent to distribute 2-(ethylamino)-1-phenylhexan-1-one hydrochloride; (5) nine counts of distribution of fentanyl resulting in death; (6) two counts of distribution of fentanyl resulting in serious bodily injury; and (7) one count of distribution of fentanyl resulting in serious bodily injury and death. (Second Revised Indictment [Doc. No. 168].) All of these charges require the Government to prove beyond a reasonable doubt that Mr. Brousard acted "knowingly and intentionally," as alleged in the Indictment. (*See generally id.*)

Accordingly, Mr. Broussard's argument is unpersuasive and thus the Court denies the motion for severance.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motions for Leave to File Untimely Motions [Doc. Nos. 70, 95, 121] are **DENIED** as moot;

2. Defendant's Motions to Dismiss the Indictment [Doc. Nos. 71, 94, 96, 122] are **DENIED**;

3. Defendant's Motion for Grand Jury Minutes [Doc. Nos. 72] is **DENIED** as moot;

4. Defendant's Motion to Preclude [Doc. Nos. 73] is **DENIED** as moot;

5. Defendant's Motion to Strike [Doc. Nos. 74] is **DENIED**;

6. Defendant's Motion to Compel [Doc. Nos. 75] is **DENIED**;

7. Defendant's Motion for Opportunity to Provide Supplemental Briefing [Doc. No. 93] is **DENIED** as moot;

8. Defendant's Motion for Transcripts of Pretrial Motion and Detention Hearings [Doc. No. 84] is **DENIED** as moot;

9. Defendant's Motion for Bill of Particulars [Doc. No 120] is **DENIED** as moot; and

10. Defendant's Motion for Severance [Doc. No. 142] is **DENIED**.

Dated: March 11, 2022
s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge