UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 19-CR-101 (SRN/ECW) |
| Plaintiff, | |
| v. | **POSITION OF DEFENDANT AARON BROUSSARD WITH RESPECT TO SENTENCING** |
| AARON RHY BROUSSARD, | |
| Defendant. | |

Defendant, Aaron Rhy Broussard, by and through his attorney, submits this position pleading in support of a fair sentence. Mr. Broussard adopts the Presentence Report (PSR) with the exception of his one noted objection. He submits that the 3553(a) factors support a sentence of 240 months.

In April of 2016, Mr. Broussard did not know he was mailing Fentanyl to the victims in this case. There is no disagreement about this fact. And it is an important fact in determining the appropriate sentence in this case. It is a fact that mitigates his culpability.

There is also another undeniable fact in this case, the victims and the families deserve unboundless sympathy. But, as this Court is very well aware, sentencing is about more than just the victims. Sentencing is about fairness to all of the parties, to the public, and most importantly to Mr. Broussard.

My guess is that Mr. Broussard has not been the easiest defendant that has appeared before this Court. His decision to proceed through the majority of the case pro

se, his filings before this Court, his filings in the Court of Appeals, his civil complaints, ethics complaints have all undoubtedly caused frustration. The obvious response to his pro se representation is that he is incapable of remorse or recognition of what happened to the victims. However, there is a different perspective. A perspective that takes into account the reality of this case.

His aunt and his sister have written to the Court of the kind, shy, awkward, young man that they know. They have expressed their struggle to reconcile that young man with what has happened in this case. A young man who grew up with one parent struggling with addiction and another distant. Moving between different family members Mr. Broussard struggled to fit in. He is a young man who was, and remains, in crisis. In trying to find purpose in his life he turned to the internet. Found a community. Then, he found himself responsible for unspeakable tragedy.

In this context, there is a different explanation for his behavior. Having never intended to sell a product capable of inflicting near instantaneous death, Mr. Broussard found himself confronting the unthinkable. No one is prepared to cope with the tragedy of this case. Any person in Mr. Broussard's position would find themselves in an internal conflict that would paralyze. Mr. Broussard's reaction to these charges, I believe, is his coping mechanism. The impossibility of wrapping his mind around the extent of harm he has caused has forced him to seek explanations that shift the fault away. He has medicated his anxiety and turmoil in the esoteric corners of the law. It is his armor. And for the last six years he has done nothing but add to his personal mental defense by

reading law books and writing.  His outward reaction to this case, however, does not take away the truth that within Mr. Broussard is the kind young man his family knows.

He deserves a chance at rehabilitation.  A chance to find his way to atonement.

I. **Mr. Broussard's Custody Credit Should be Calculated Starting December 6, 2016.**

Mr. Broussard was arrested on December 6, 2016, on an indictment from the Middle District of Pennsylvania.  (PSR at F.2).  He was indicted in this case on April 10, 2019.  (Doc. #1).  On December 16, 2020, the Middle District of Pennsylvania indictment was dismissed.  (PSR at ¶5).  The charges in the Middle District of Pennsylvania are captured in this case.  (PSR at ¶5).  Mr. Broussard has remained in custody since December 6, 2016.  He asks this Court to credit him for all the time he has been in custody.

II. **The 18 U.S.C. § 3553(A) Factors In This Case Warrant A Mandatory Minimum Sentence.**

In accordance with 18 U.S.C. § 3553 (B), U.S.S.G. § 5K2.0, Gall v. United States, 552 U.S. 38 (2007), and the factors set forth in 18 U.S.C. § 3553(a), Counsel for Mr. Broussard requests a sentence of 240 months.

With the rise of cheap Fentanyl, mostly imported from China, prosecutions for distribution resulting in death have also unfortunately risen.  In the Eastern District of Virginia, in May of this year, a recent conviction for distributing Fentanyl resulting in a death resulted in a 22 year sentence (United States v. Velasquez, 21-CR-287 (EDVA)

3

Doc. #41). In March of this year, in the Southern District of California a sentence of 15 years was handed down in a Fentanyl death case (United States v. Mefford, 20-CR-253 (SDCA) Doc. #57), 20 years in another (United States v. Davis, 20-CR-2500 (SDCA) Doc. #87), and 25 years in yet another (United States v. Springfield, 20-CR-2923 (SDCA) Doc. #87). In the District of Colorado a 14 year sentence was given in a case involving multiple deaths stemming from the distribution of Fentanyl (United States v. Huggett, 18-CR-334, (DCO) Doc. #88). And, in the District of Massachusetts a 12 year sentence was given in a case involving a death (United States v. Reynoso, 17-CR-10350 (DMA) Doc. #74). The mandatory minimum sentence of 240 months in this case avoids sentencing disparity.

\*   \*   \*

Aaron Broussard never intended to distribute Fentanyl. He certainly never intended for anyone to die or be injured. In April of 2016, a horrible tragedy occurred. A sentence of 240 months accounts for Mr. Broussard's culpability, his life history, and is consistent with the sentencing occurring in similar cases across the country.

Respectfully submitted,

**WOLD MORRISON LAW**

Dated: July 26, 2022.

s/ Aaron J. Morrison
Aaron J. Morrison, ID #341241
331 Second Ave S, Suite 705
Minneapolis, MN 55401
Phone: (612) 341-2525