## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | **File No. 19-CR-101 (SRN/ECW)** |
| **Plaintiff,** | |
| | **ORDER** |
| **v.** | |
| **Aaron Rhy Broussard,** | |
| **Defendant.** | |

---

Thomas M. Hollenhorst and Melinda Williams, United States Attorney's Office, 300 South 4th St., Ste. 600, Minneapolis, MN 55415, for the Government

Aaron Rhy Broussard, Reg. No. 20944-041, USP McCreary, Unit 1B, P.O. Box 3000, Pine Knot, KY 42635, Pro Se

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before Court on the following pro se motions filed by Defendant Aaron Rhy Broussard:  (1) Motion to Appoint Appellate Counsel [Doc. No. 282]; (2) Motion to Stay Sentence and Release Pending Disposition of Appeal [Doc. No. 286]; (3) Motion for Resentencing [Doc. No. 289]; (4) Motion to Dismiss the Indictment and Multiple Counts [Doc. No. 372]; (5) Motion for Acquittal and to Compel Production of Trial Exhibits [Doc. No. 374]; (6) Motion for Writ of Mandamus [Doc. No. 376]; (7) Motion for Acquittal and a New Trial [Doc. No. 382]; (8) Motion for Recusal [Doc. No. 388]; (9) Motion for "Writ of Praecipe to the Clerk Requesting Disposition Scheduling for Pending Motions" [Doc. No. 390]; (10) Motion for a New Trial [Doc. No. 392]; (11) Motion for a New Trial [Doc. No. 395]; (12) Motion for Acquittal [Doc. No. 397]; (13) Motion for a New Trial [Doc. No. 399];

(14) Motion for a New Trial [Doc. No. 401]; (15) Motion for a New Trial [Doc. No. 405]; (16) Motion for Reconsideration [Doc. No. 407]; and (17) Motion for Release Pending Disposition of Rehearings, and for Detention Hearing [Doc. No. 408].

For the reasons set forth herein, Broussard's pro se motions are denied and denied as moot.

## I.      BACKGROUND

In March 2022, a jury convicted Broussard of seventeen counts of conspiracy related to the importation, possession, and distribution of fentanyl that resulted in the serious bodily injury or death of many victims. (Redacted Jury Verdict [Doc. No. 201].) At trial, Broussard was represented by counsel (*see* Mar. 14, 2022 Minute Entry [Doc. No. 174]), but following a *Faretta* hearing, he chose to represent himself at the sentencing stage. (*See* Aug. 2, 2022 Minute Entry [Doc. No. 248].)

Prior to sentencing, Broussard filed 16 pro se motions, including a motion for a new trial [Doc. Nos. 234, 239, 241, 242, 243, 245, 246, 247, 250, 251, 252, 253, 256, 257, 259, 267], all of which the Court denied. (Sept. 6, 2022 Order [Doc. No. 268].) In September 2022, the Court sentenced Broussard to a within-Guidelines sentence of life imprisonment on Counts 1 and 4–15; 40 years on Counts 2 and 3; and 20 years on Counts 16 and 17, to be served concurrently. (Sentencing J. & Am. Sentencing J. [Doc. Nos. 279 & 297].)

Shortly thereafter, Broussard filed a notice of appeal [Doc. No. 281], and was appointed counsel. On appeal, he argued that this Court had erred by allowing the Government to introduce evidence about the victims' lives at trial. (*See* 8th Cir. Op. [Doc. No. 403] at 2–3.) While his appeal was pending, Broussard continued to file the instant pro

se motions in this Court, including a Motion for Release [Doc. No. 286], which he separately appealed, pro se, to the Eighth Circuit [Doc. No. 378] in June 2023, asserting that this Court had failed to rule on it. The Eighth Circuit dismissed Broussard's pro se appeal as premature [Doc. No. 385].

In November 2023, the Eighth Circuit denied Broussard's pending direct appeal, noting that he had failed to object to the evidence about the victims at trial and failed to show that admission of the evidence affected his substantial rights. (8th Cir. Op. at 3–4.) Moreover, the court found the evidence against Broussard was "overwhelming." (*Id.* at 4.)

On February 15, 2024, the Eighth Circuit issued its mandate. Accordingly, the Court now addresses Broussard's pending motions.

## II. DISCUSSION

### A. 28 U.S.C. § 2255 *Castro* Warning

While the Court addresses Broussard's pending motions in this Order, going forward, if Broussard files a motion "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), the Court will interpret that motion as being raised under § 2255 regardless of whether Broussard expressly invokes that provision. Any "second or successive" motion for relief under § 2255 would require authorization from the Eighth Circuit, and it is therefore critical that Broussard include every claim that he seeks to assert within his § 2255 motion, because he may not have the opportunity to raise the claim ever again. *See Castro v. United States*,

540 U.S. 375, 382–83 (2003) (advising that court seeking to recharacterize pro se litigant's pleading as first 28 U.S.C. § 2255 motion must (1) notify litigant of court's intent, (2) warn litigant that recharacterization means that subsequent § 2255 motion will be subject to restrictions on "second or successive" motions, and (3) give litigant opportunity to withdraw motion or to amend it to include all § 2255 claims); *see also Morales v. United States*, 304 F.3d 764, 767 (8th Cir.2002) (reversing and remanding where district court reclassified pro se litigant's pleading as first § 2255 motion without notice, warnings, and opportunity to withdraw).

### B.  Motions Rendered Moot by Appeal [Doc. Nos. 282, 286]

Among Broussard's motions are his Motion for Appellate Counsel [Doc. No. 282] and his Motion to Stay Sentence and Release Pending Disposition of Appeal [Doc. No. 286]. Counsel was appointed on his behalf for his direct appeal, and the Eighth Circuit has now ruled on his appeal and issued its mandate.  These events have rendered moot these two motions, which are denied on this basis.

### C.  Motion for Resentencing [Doc. No. 289]

In a motion made shortly after sentencing and within days of filing his Notice of Appeal, Broussard moves the Court to resentence him, pursuant to Federal Rule of Criminal Procedure 35.  (Def.'s Mot. for Resentencing  [Doc. No. 289] at 1.)

Rule 35 provides two means for correcting or reducing a sentence.  First, to correct "clear error," a court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing.  Fed. R. Crim. P. 35(a).  Second, a sentence may be reduced if the defendant, after sentencing, "provided substantial assistance in

investigating or prosecuting another person." Fed. R. Crim. P. 35(b). The authority to correct a sentence under Rule 35(a) is "very narrow," and "extends only to errors that would almost certainly be remanded to the district court for further action." *United States v. Cannon*, 719 F.3d 889, 891 (8th Cir. 2013) (internal quotations omitted).

Broussard provided no substantial assistance, so only Rule 35(a) could potentially apply. However, the 14-day time period for the Court to correct a sentence under Rule 35(a) has long since expired. Even if it had not, Broussard fails to identify any arithmetical, technical, or other clear error at sentencing that would warrant reversal of his sentence. Fed. R. Crim. P. 35(a); *Cannon*, 719 F.3d at 891. Instead, Broussard primarily argues about evidence presented at trial and to the grand jury. (*See* Def.'s Mot. for Resentencing at 2–4.)

While he also contends that the Court incorrectly assessed his remorse at sentencing, this fails to serve as a basis for relief under Rule 35 for several reasons. The Eighth Circuit has noted that Rule 35 does not permit a court "to reconsider the application or interpretation of the sentencing guidelines" or "simply to change its mind about the appropriateness of the sentence." *Cannon*, 719 F.3d at 891 (quoting *United States v. Sadler*, 234 F.3d 368, 374 (8th Cir. 2000)). The record demonstrates that the court properly calculated Broussard's advisory sentence under the Sentencing Guidelines, considered the policy goals of sentencing, assessed the factors under 18 U.S.C. § 3553(a), and appropriately weighed aggravating and mitigating factors. (Sentencing Hr'g Tr. [Doc. No. 315] at 75–81.)

Broussard contends that the Court improperly found his lack of remorse to be an aggravating factor, (Def.'s Mot. for Resentencing at 2), and points to a previous filing in which he "undeniably expressed sympathy" for the victims. (*Id*. at 4) (citing Def.'s Mot. to

Dismiss Indictment [Doc. No. 96].) It was not improper for the Court to consider Defendant's lack of remorse as an aggravating sentencing factor, just as the Court could have properly considered an expression of remorse as a mitigating factor. *See United States v. Nosley*, 62 F.4th 1120, 1130 (8th Cir. 2023) (affirming sentence of 1,680 months in which district court properly considered defendant's background, offense conduct, mitigating factors, and also that defendant exhibited no remorse or repentance); *United States v. Palkowitsch*, 36 F.4th 796, 803 (8th Cir. 2022) ("The district court also properly noted Palkowitsch's apparent lack of remorse before his apology at sentencing[.]"); *United States v. Levy*, 18 F.4th 1019, 1023–24 (8th Cir. 2021) (finding record reflected that sentencing court thoughtfully weighed appropriate sentencing factors, including defendant's genuine display of remorse). Moreover, the filing that Broussard cites as evidence of his purportedly "undeniabl[e]" expression of sympathy is entirely devoid of any such expression. (*See* Mot. to Dismiss Indictment at 1–10[1].) Notably, Broussard has offered no expression of remorse, including at sentencing when he expressly declined the opportunity to address the Court on his own behalf. (Sentencing Hr'g Tr. at 18–19.)

Accordingly, for all of these reasons, Broussard is not entitled to resentencing under Rule 35(a), and his motion is denied.

---

[1] In his Motion to Dismiss the Indictment, Broussard purports to recount testimony in which a witness stated that Broussard lacked any empathy for the people hurt by his conduct. (Def.'s Mot. to Dismiss at 6.) However, in his motion, Broussard did not challenge the statement, nor does he express any sympathy or remorse. (*See id*. at 1–10.)

### D.  Motion to Dismiss the Indictment [Doc. No. 372]

In a motion filed nearly a year after his jury trial and conviction, Broussard moved to "dismiss the Indictment and multiple counts" under Federal Rule of Criminal Procedure 12(b)(3).  (Def.'s Mot. to Dismiss Indictment [Doc. No. 372] and Addendum [Doc. No. 372-1].)

Rule 12(b) concerns pretrial motions, including motions based on defects in the Indictment that must be made before trial.  Fed. R. Crim. P. 12(b)(3)(B).  Indeed, before trial, Broussard unsuccessfully moved to dismiss the Indictment on numerous occasions [Doc. Nos. 5, 9, 11, 44, 71, 94, 96, 122, 171].  Broussard's current motion is untimely, and he presents no authority that would excuse his untimeliness.  His motion is therefore denied.

### E.  Motion for a Writ of Mandamus [Doc. No. 376]

Also before the Court is Broussard's Motion for a Writ of Mandamus [Doc. No. 376], filed in May 2023, when his direct appeal was still pending.  This motion challenges the Court's ruling from the bench at the March 14, 2022 pretrial conference, denying Broussard's Motion to Dismiss the Indictment.  (Mot. for Writ. of Mandamus at 1; *see also* Addendum [Doc. No. 376-1].)

As the Court stated at the pretrial conference, Broussard's then-pending Motion to Dismiss the Indictment—his sixth such motion at that time—asserted errors in the grand jury proceedings as well as prosecutorial misconduct.  (Mar. 14, 2022 Pretrial Status Conf. Tr. [Doc. No. 332] at 10.)  The Court denied the motion, citing its prior rulings.  (*Id*.)  Among the prior rulings that addressed these arguments was the Court's Order of September 15, 2021. (Sept. 15, 2021 Order [Doc. No. 69] at 12–17.)  After trial, Broussard again raised these

arguments, which the Court addressed in its September 6, 2022 Order on his 16 post-trial motions.  (Sept. 6, 2022 Order at 2–6.)

The All Writs Act, 28 U.S.C. § 1651, provides a basis to invoke federal jurisdiction— typically appellate jurisdiction—to provide emergency review by issuing extraordinary writs. The issuance of writs is considered exceptional and "will not lie as a general rule where there is a remedy by appeal." *Hvass v. Graven*, 257 F.2d 1, 6 (8th Cir. 1958) (noting exceptional nature of writs and stating that a writ of mandamus may not serve as a substitute for appeal) (citation omitted).

A writ is unavailable here.  The Court has already ruled on Broussard's objections to the magistrate judge's Report and Recommendation, his motions in limine, and his post-trial motions.  Moreover, Broussard filed three unsuccessful interlocutory appeals [Doc. Nos. 133, 213, 260], and had the opportunity to raise any issues on direct appeal.  This is not an extraordinary circumstance for which relief is warranted under § 1651, and Broussard's motion is therefore denied.

### F.  Motions for Acquittal and a New Trial [Doc. Nos. 374, 382, 392, 395, 397, 399, 401, 405]

In May 2023, over a year after his trial, and while his appeal was pending, Broussard filed a Motion for Acquittal and to Compel Production of Trial Exhibits [Doc. No. 374].  One month later, in June 2023, Broussard filed a Motion for Acquittal and a New Trial [Doc. No. 382].  In August 2023, he again filed a Motion for a New Trial [Doc. No. 392].  Subsequently, in October 2023, Broussard filed another Motion for a New Trial [Doc. No. 395] and a Motion for Acquittal [Doc. No. 397].  In November 2023, Broussard filed two additional Motions for

a New Trial [Doc. Nos. 399, 401] and supporting memoranda [Doc. Nos. 400, 402] that appear to be identical, and in December 2023, he filed yet another Motion for a New Trial [Doc. No. 405]. In sum, eight such repetitive motions are pending before the Court.

As a general matter, a motion for a judgment of acquittal after a jury verdict and a motion for a new trial must be made within 14 days after the verdict. Fed. R. Crim. P. 29(c), 33(b)(2). However, if the motion for a new trial is based on newly-discovered evidence, it may be brought within three years of the verdict. Fed. R. Crim. P. 33(b)(1). In the case of newly discovered evidence, "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." *Id*.

The jury returned its unanimous guilty verdict against Broussard on March 31, 2022, (*see* Redacted Jury Verdict [Doc. No. 201] at 1–8), making any motions under Rule 29(c) due by April 14, 2022, and any motions under Rule 33(b)(2) due by that same date, absent newly discovered evidence. Broussard attempts to excuse the untimeliness of five of his eight motions by stating that he "only relatively recently gained access to the trial transcript and government briefing." ([Doc. No. 382 at 1; Doc. No. 395 at 1; Doc. No. 397 at 1; Doc. No. 399 at 1; Doc. No. 401 at 1].) The Court construes this as an assertion that the trial transcript, Government briefing, and trial exhibits that he references in his motions constitute "newly discovered evidence."

The standard for a new trial based on newly discovered evidence is rigorous, and such motions are disfavored. *United States v. Baker*, 479 F.3d 574, 577 (8th Cir. 2007). In order to obtain a new trial based on newly discovered evidence, a defendant must establish four factors: (1) the evidence must have been unknown or unavailable to the defendant at the time

of trial; (2) the defendant must have diligently sought to obtain it; (3) the newly discovered evidence must be material; and (4) the newly discovered evidence must be such that it will likely result in an acquittal upon retrial. *Id*. (citing *United States v. Haskell*, 468 F.3d 1064, 1076 (8th Cir. 2006)).

As to whether trial transcripts and several trial exhibits constitute "newly discovered evidence" sufficient to extend the filing deadline to three years, Broussard and his counsel attended trial, and nothing about his post-trial review of trial transcripts, Government memoranda, or trial exhibits can be considered "newly discovered" evidence. *See United States v. Poynter*, 908 F. Supp. 2d 30, 36 (D.D.C. 2012) ("Because defendant and his counsel were present at the trial, nothing in the transcript of the trial could properly be considered 'newly-discovered.'"), *aff'd*, No. 13-3001, 2013 WL 5975597, at *1 (D.C. Cir. Oct. 24, 2013). Broussard was fully aware of the trial proceedings, which the transcripts merely recorded, and the trial exhibits and Government memoranda were available at the time of trial.   They were therefore neither unknown nor unavailable. *Baker*, 479 F.3d at 577.  Nor can the written transcripts and trial exhibits be considered likely to result in acquittal upon retrial, as they squarely documented Broussard's conviction, in the case of the transcripts, and led to Broussard's conviction, in the case of the exhibits. *See id*.

As to the untimeliness of his three other motions, Broussard explains in his August 2023 and December 2023 motions that "trial counsel misled him by assuring post-conviction motions would be filed, but then rescinding such promise when the deadlines expired," leading Broussard "to reinvoke his right to self-representation to fulfill such duties, as he explained within his motion to proceed pro se [Doc. No. 233]." ([Doc. No. 392 at 1; Doc.

No. 405 at 1].)   He then states, "nevertheless, this Court refused the filing of several subsequent motions of his."  ([Doc. No. 392 at 1; Doc. No. 405 at 1].)   This convoluted explanation does not address newly discovered evidence, let alone untimeliness—it merely restates some of Broussard's longstanding grievances.  This is insufficient to overcome the untimeliness of Broussard's August 2023 and December 2023 Motions for a New Trial.

In his remaining Motion for Acquittal and to Compel the Production of Trial Exhibits [Doc. No. 374], filed in May 2023, Broussard offers no explanation for his untimeliness.  He acknowledges that his counsel moved for acquittal at trial under Rule 29(a), but contends "the Court issued its judgment without thorough review of evidence and an elaborate argument in support."  (Def.'s Mot. for Acquittal & to Compel Prod. of Trial Exs. [Doc. No. 374] at 1.) As Broussard offers no explanation for his untimely motion, it is not cognizable.  Because the motion is not cognizable, the Court likewise denies Broussard's accompanying request to compel the production of trial exhibits.

In addition, the Court notes that Broussard previously filed *multiple* post-trial motions for a new trial [Doc. Nos. 234, 239, 247, 250, 251, 252, 256, 257, 267], which the Court denied more than one year and five months ago [Doc. No. 268].  Thus, although Broussard's current Motions for Acquittal and a New Trial are untimely, he has availed himself of the opportunity to present his arguments on numerous occasions in the past.  Accordingly, Broussard's untimely motions for acquittal and for a new trial are all denied.

### G.  Motion for Recusal [Doc. No. 388]

Broussard also moves for the recusal of the undersigned judge because of his belief in her "inappropriate and antagonistic behavior," "bias and impartiality," and "provocative

tendencies toward Broussard," as evidenced by rulings against him and remarks made at sentencing.  (Def.'s Mot. for Recusal [Doc. No. 388] at 2–5; *see also* Ex. A [Doc. No. 389].)

Under 28 U.S.C. § 455, disqualification is required "in any proceeding in which [the judge's] impartiality might reasonably be questioned," including when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a), (b)(1).   Because judges are presumed to be impartial, a party seeking recusal bears a substantial burden of proving the lack of impartiality.  *United States v. Hogeland*, 10-CR-0061 PJS/AJB, 2012 WL 4868904, at *8 (D. Minn. Oct. 15, 2012), *aff'd sub nom. United States v. Bennett*, 765 F.3d 887 (8th Cir. 2014) (citing *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (citation and quotations omitted)).  As Broussard's purported evidence of the Court's impartiality, he asserts that the Court's bias was "clear [] throughout the proceedings" (Def.'s Mot. for Recusal at 6), and he provides six examples, which the Court addresses below.

### 1.  Denial of Motion to Dismiss Indictment

First, Broussard argues that the Court was impartial in failing to dismiss the Indictment.  (Def.'s Mot. for Recusal at 2.)  He reiterates a familiar argument, namely, that the facts in the Indictment failed to sufficiently support the crimes charged and that his prosecution was not based on facts that were properly presented to the grand jury.  (*Id*.)  He contends that he was not charged with violating the Controlled Substance Analogue Act, but with violating the Controlled Substance Act.  (*Id*.)  Broussard asserts that the Court's September 15, 2021 Order, which rejected this argument, was not based on prevailing law,

and neither was his conviction.  (*Id*.)  He further argues that the Court's actions in applying the law were "egregious and hostile" and "willfully indifferent."  (*Id*.)

As the Court has repeatedly explained, the Analogue Act provides that an analogue drug can be treated as a controlled substance for purposes of "any" federal law, 21 U.S.C. § 813(a), and "any" federal law includes the Controlled Substance Act.  (Sept. 15, 2021 Order at 10.)  The Controlled Substance Act's requirement of knowingly distributing a controlled substance is satisfied when a defendant knowingly distributes a substance that is an analogue to a listed controlled substance.  (*Id*.) (citing *McFadden v. United States*, 576 U.S. 186, 188–89 (2015)).

This statement of the law is a legal ruling with which Broussard happens to disagree.  There is nothing "egregious" or "willfully indifferent" about the Court's correct application of the law.  Accordingly, his disagreement fails to meet the high burden of demonstrating judicial bias or impartiality.  It cannot serves as a basis for recusal.

### 2.   Dismissal of Claims Against Prosecutors in Civil Lawsuit

As a second example of the Court's purported impartiality, Broussard points to the Court's ruling in *Broussard v. Hollenhorst*, 22-cv-342 (SRN/ECW) (D. Minn. Mar. 11, 2022) ("*Hollenhorst*") [Doc. No. 12], issued just prior to Broussard's trial in his criminal case.  Broussard filed a civil lawsuit against the prosecutors, seeking to halt his criminal trial due to the prosecutors' alleged "conflict of interest," and to obtain his immediate release from detention.  However, the Court found the prosecutors were entitled to prosecutorial immunity, and dismissed them with prejudice from the civil lawsuit, thereby removing any conflict of interest.  (*See* Mar. 14, 2022 Pretrial Status Conf. Tr. at 16.)  Broussard's contention that the

Court's "strategic" ruling in his civil lawsuit demonstrates bias in his criminal prosecution is without merit. As the Court explained in its dismissal of the prosecutors from the civil lawsuit, Broussard's civil claims against them were based on charging decisions as well as conduct relating to developing and issuing indictments—conduct that is shielded by prosecutorial immunity. (*Hollenhorst*, Mar. 11, 2022 Order at 9–10.) Again, Broussard's disagreement with the Court's ruling fails to meet the high threshold necessary to establish bias.

### 3. Expert Witness at Trial

As Broussard's third instance of the Court's alleged impartiality, he points to the Court's explanation for a bench ruling that occurred during a status conference in the midst of jury selection. (Def.'s Mot. for Recusal at 3.) The ruling concerned the late disclosure of a potential expert witness by Broussard's newly appointed trial counsel, who previously served as standby counsel. The Government moved to bar the expert witness based on late disclosure. The Court denied the Government's motion to bar the witness, proceeded with jury selection, and gave the defense time to review the witness's soon-to-be-issued expert report. (Mar. 15, 2022 Pretrial Status Conf. Tr. [Doc. No. 335] at 12–15.) Following defense counsel's review, he would determine whether to call the witness to testify at trial, and depending on that decision, the Court would give the Government time to review the witness's expert report. (*Id.*) In reaching this decision, the Court balanced the parties' competing concerns, and stated,

> It's so concerning to the Court that months and months and months ago Mr. Broussard came to the Court and said, I need a delay because I need experts.

I'm having trouble getting experts, and apparently had no intention whatsoever to get experts and failed to do so.

Came to the Court again months later; said, I need experts. Having a hard time getting experts. Obviously not an honest statement. Failed to get experts. Very hung up on his legal defense of the case about prosecutorial misconduct and grand jury proceedings, and ignored the guidance and the strong advice of his talented standby counsel to take some steps to get experts.

(*Id*. at 12–13.)   Ultimately, defense counsel elected not to call the expert witness to testify at trial. (Mar. 17, 2022 Pretrial Status Conf. Tr. [Doc. No. 341] at 6.)

Broussard contends that the language quoted above demonstrates Judge Nelson's hostility toward him and that "only [her] bias and impartiality influenced her contradictory and unsubstantiated claim." (Def.'s Mot. for Recusal at 3.) Broussard's argument is utterly without merit. The record supports the Court's recitation of events. The Court ruled in Broussard's favor and gave defense counsel the requested time to review the expert report and determine whether the expert witness was necessary. This instance of purported impartiality fails to meet the high bar necessary for recusal.

#### 4.   Denial of Motion for Substitution of Standby Counsel

As noted earlier, although Mr. Morrison represented Broussard at trial, on August 2, 2022, Broussard voluntarily and knowingly exercised his right to represent himself, and the Court appointed Mr. Morrison as standby counsel. (Aug. 2, 2022 Minute Entry.)

Six days before his September 12, 2022 sentencing hearing, Broussard moved for substitution of standby counsel, characterizing standby counsel's performance as "low" "throughout the pretrial process and again post-trial." (Def.'s Mot. to Substitute [Doc. No. 269] at 1.) Specifically, Broussard cited difficulties in obtaining "personal copies of

discovery materials and acquiring a variety of expert help." (*Id.*) At the outset of the sentencing hearing, the Court addressed Broussard's Motion for Substitution of Standby Counsel, and denied the request. (Sentencing Hr'g Tr. at 4–9.)

A pro se defendant does not have an absolute right to standby counsel, and, accordingly, "does not have a right to standby counsel of his own choosing." *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996). If standby counsel has been appointed, the defendant may only compel the attorney's dismissal "by meeting the criteria applicable to the discharge of a lawyer fully representing the accused." *Id.* A motion to substitute court-appointed counsel requires a criminal defendant to demonstrate "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *Id.* at 1062 (citing *United States v. Long Crow*, 37 F.3d 1319, 1324 (8th Cir. 1994)). Last-minute requests are disfavored. *Id.*

Broussard's bases for seeking substitute standby counsel failed because he met none of the criteria for the substitution of appointed counsel. In other words, Broussard presented no conflict of interest, irreconcilable conflict, or a complete breakdown in communication with Mr. Morrison. *Id.* As the Court explained on the record, Mr. Morrison was under no obligation to obtain documents for Broussard, as he served as standby counsel in an advisory capacity. (Sentencing Hr'g Tr. at 4–9. ) In the portion of the sentencing transcript quoted by Broussard as evidence of the Court's alleged impartiality, the Court simply confirmed Broussard's understanding that Mr. Morrison did not serve as defense counsel, and therefore was under no obligation to provide Broussard with any documents in jail. (*Id.* at 7) (stating, "He is not representing you. . . . He is not obligated to get you experts, to get you discovery,

16

to help you with arguments, because you asked me at the August 2nd hearing for the opportunity to represent yourself.  And we had a very clear discussion about that at that time.").    Moreover, Broussard's motion was filed only a few days before the sentencing hearing, and as such, was a late, disfavored request. *Webster*, 84 F.3d at 1062.

In sum, this example of the Court's alleged impartiality fails to demonstrate any impartiality and does not meet the high bar necessary for recusal.

### 5. Refusal to Entertain Other Pending Motions at Sentencing

As Broussard's next example of the Court's purported impartiality, he argues that the Court improperly declined to rule on his other pending motions at sentencing.  (Def.'s Mot. for Recusal at 5.)  He cites an exchange at sentencing:

> THE COURT:  One of [your] pending motions is a motion for substitute standby counsel.  That's the only [] pending motion that I will address today, again because the other motions are repetitive or inappropriate for sentencing, but I will address the motion [] for substitute standby counsel.
>
> ***
>
> BROUSSARD:  I have other motions that I would like to file with the  Court.
>
> ***
>
> THE COURT:  It is too late, sir, to file any motions.  Today is the day of your sentencing.  You've filed—
>
> BROUSSARD:  It's the day that we have yet to start and I would like to file my motions so it can be on record.
>
> THE COURT: No more motions.  It's too late for motions.  You've filed many, many motions.  You've had plenty of opportunity to file motions.  After you decided to represent yourself on August 2nd, I gave you plenty of time.  You filed lots of motions.  We're done with motions today.  We are proceeding with sentencing now.

(Sentencing Hr'g Tr. at 4, 9–10.)  In the instant motion, Broussard also states that he "has motions filed with the court that have been pending for approximately a year (Doc. Nos. 256–57, 267, 272)," all of which predate his Notice of Appeal.  (Def.'s Mot. for Recusal at 5.)

There is nothing about the refusal to entertain redundant, procedurally infirm motions at Broussard's sentencing hearing that demonstrates the Court's impartiality.  Moreover, as a factual matter, Broussard is incorrect about the pending motions, allegedly languishing for over a year.  The Court ruled on three of the pending motions that Broussard identifies [Doc. Nos. 256–57, 267] in its September 6, 2022 Order, which was filed in *advance* of Broussard's September 12, 2022 sentencing.  Moreover, the Court ruled on the other motion that he identifies [Doc. No. 272] in the minute order that documented the sentencing hearing.  (Sept. 12, 2022 Minute Entry [Doc. No. 277] at 2.)  In sum, this purported example of impartiality fails to meet the high bar required for recusal.

### 6.  Court's Remarks at Sentencing

As another example of the Court's alleged bias, Broussard cites portions of the Court's remarks at sentencing, discussed earlier in this ruling, in which the Court noted Broussard's lack of remorse:

> Instead you challenged the law, the evidence, your counsel, the prosecutors, the Court at every turn.  But you never challenged the fact, because it was clear, that 11 people died.  You never challenged the fact, because it was clear, that four others were grievously injured.  And yet no expression of any kind of caring for their devastated loved ones.  It is incomprehensible to me.

> A man who acts without regard for the consequences of his actions, fails to take any accountability for those actions, and demonstrates apparent—no apparent feeling or remorse for deaths, injuries and pains those actions have caused, is plainly a clear and present danger to the public.

18

You are receiving a life sentence, sir, because I have no confidence that in the future you won't continue to reoffend. And to be clear, your deeply misguided views of the law provide no defense to your actions.

(Sentencing Hr'g Tr. at 79–80.)

Broussard asserts that the Court's comments about his "deeply misguided views of the law" reveals that the Court considered his "defense of himself" as an aggravating factor. (Def.'s Mot. for Recusal at 6.) He is incorrect. The record is clear that the Court expressly considered the § 3553(a) sentencing factors, including the seriousness of the offense, the need to promote respect for the law, to provide just punishment for the offense, and to protect the public.[2] Again, while Broussard disagrees with the Court's remarks, the remarks fail to meet the high bar necessary to establish impartiality.

---

[2] The Court explained,

> Mr. Broussard, not only did you boldly engage in a dangerous, illegal, international drug-trafficking conspiracy under the guise of selling plant food, you did so with a Chinese co-conspirator who on more than one occasion specifically warned you to test the drugs. A warning you ignored. Why did your co-conspirators warn you? Because they knew, and you knew, from prior experience that there were bad batches, drugs that were not what they purported to be. Drugs that caused overdoses. Drugs that endangered the lives of your customers. But you steadfastly, recklessly, and criminally ignored those warnings.
>
> When the drugs you sold in April and May of 2016 turned out to be fentanyl, a deadly drug, you were told that your customers were overdosing. And instead of acting on that information, warning your customers to stop using the drugs, you did the opposite. You doubled down and continued to distribute those very drugs. You never warned them. Instead you aggressively marketed those drugs. The drugs that you knew were causing overdoses. Drugs that you knew had not been tested.

### H.  Motion for "Writ of Praecipe to the Clerk" [Doc. No. 390]

In Broussard's motion self-styled as "Writ of Praecipe to the Clerk Requesting Disposition Scheduling for Pending Motions" [Doc. No. 390], Broussard appears to ask the Clerk of Court to schedule "proceedings and deadlines that will influence the District Judge's ruling of the pending motions [Doc. Nos. 256–57, 267, 272, 372, 374, 382]."  (Def.'s Mot. for Writ of Praecipe at 1.)

Although Broussard identifies no source of authority for a writ of praecipe, "[a]t best, a writ of praecipe may be available to federal courts under the All Writs Act, which permits federal courts to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *Rainey v. United States*, No. CIV.A. 1:11-0699, 2012 WL 4320852, at *2 (S.D. W. Va. Sept. 20, 2012) (citing 28 U.S.C. § 1651(a)).  A writ of praecipe constitutes a "written motion or request seeking some court action."  *Id.* (citing *Black's Law Dictionary*, "Praecipe," (9th ed. 2009)).

Broussard's motion fails for at least three reasons.  First, the Clerk of Court lacks the authority to effectuate Broussard's request for "the scheduling of proceedings and deadlines" that apply to the motions that he identifies.  Broussard cites no legal authority to the contrary, and his motion is denied on this basis.

---

And instead of focusing on your victims, you continued to try to place orders from your supplier and secure a discount on future purchases given the mix-up in sending the wrong drugs.

(Sentencing Hr'g Tr. at 78–79.)

Second, at the time Broussard filed the instant motion on August 7, 2023, four of the seven "pending motions" that he identifies had already been denied for nearly a year. (Sept. 6, 2022 Order at 26 (denying motions filed in Doc. Nos. 256, 257, 267); Sept. 12, 2022 Minute Entry (denying motion filed at Doc. No. 272).) Even if the Clerk of Court possessed the authority to effectuate the relief that Broussard seeks, these four motions were not even pending at the time Broussard filed the instant motion.

Third, as to the remaining motions that Broussard identifies (Def.'s Mot. to Dismiss Indictment [Doc. No. 372], Def.'s Mot. for Writ of Mandamus [Doc. No. 374], and Def.'s Mot. for Acquittal [Doc. No. 382]), he filed them in March, May, and June 2023, while his September 2022 appeal to the Eighth Circuit remained pending. In general, after a party files a notice of appeal, the district court no longer maintains jurisdiction over the matter because jurisdiction lies with the court of appeals. *United States v. Webster*, 797 F.3d 531, 537 (8th Cir. 2015) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Because the Eighth Circuit has now issued its mandate, returning jurisdiction to this Court, this Order addresses and rules upon the three remaining motions that Broussard identifies. Thus, even if the Clerk of Court were authorized to grant Broussard's requested relief, this Order obviates any such need.

For all of these reasons, the Court denies Broussard's Motion for a Writ of Praecipe.

## I.   Motion for Reconsideration [Doc. No. 407]

In Broussard's Motion for Reconsideration, filed in February 2024, he repeats a number of prior arguments—arguments addressed within this Order and in prior orders. (*See* Def.'s Mot. for Reconsid. [Doc. No. 407] at 2–6.) Specifically, he asserts that that (1) the

21

Government misrepresented the evidence at trial and presented "see-sawing theories"; (2) the Court improperly interpreted Broussard's lack of remorse at sentencing;  (3) the Court misapplied a sentencing enhancement; and (4) the Court failed to consider mitigating factors and a downward departure at sentencing.  (*Id.* at 1–6.)  He also asserts a fifth claim that is newly asserted under Amendment 821 to the Sentencing Guidelines, which the Court addresses separately below.  (*Id.* at 6.)  Broussard moves for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).[3]  (*Id.* at 1.)

The Eighth Circuit has stated, as a general matter, that the Rules of Civil Procedure apply to proceedings under § 2255.  *Jeffries v. United States*, 721 F.3d 1008, 1013 (8th Cir. 2013) (citations omitted).  However, this Court is not construing the instant motions as arising under § 2255 (although it has given fair warning to Broussard about any future claims that may sound under § 2255).  (*See supra*, II.A.)  The Federal Rules of Civil Procedure are therefore only applicable in a criminal context to the extent a defendant is asserting a § 2255 motion, which is not the case here.  Indeed, Broussard has asserted, and the Court has addressed in this Order, claims for relief arising under Federal Rules of Criminal Procedure 12, 29, 33, and 35.

Even if the Rules of Civil Procedure did apply to Broussard's claims at this time, Broussard's first four claims would be untimely.  Broussard's Sentencing Judgment was

---

[3] In his motion, Broussard identifies subsection (e) as the provision of Rule 60 that serves as one of the mechanisms for relief.  (Def.'s Mot. for Reconsid. at 1.)  The Court presumes this is a typographical error, as Rule 60(e) serves only to abolish certain bills and writs. Instead, the Court construes this motion as one seeking relief under Rule 60(b), which provides for relief from a final judgment, order, or proceeding.

entered on September 14, 2022 [Doc. No. 279], and an Amended Judgment that included the amount of restitution was entered on September 29, 2022 [Doc. No. 297].  Under Rule of Civil Procedure 59(e), a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  A motion under Rule of Civil Procedure 60(b) must be made "within a reasonable time," and for three of the reasons specified in the rule, "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Thus, even if the Rules of Civil Procedure applied to the instant motion—which was filed in February 2024—Broussard filed it well beyond "a year after entry of the judgment" and certainly not "within a reasonable time."  *Id.* Moreover, the Court has addressed these grounds for relief in prior orders and finds no reason to depart from those rulings.

Thus, Broussard's first four grounds for reconsideration fail and this portion of his motion is denied.

Turning to Broussard's new argument for reconsideration pertaining to recent changes to the Sentencing Guidelines known as Amendment 821, (Def.'s Mot. for Reconsid. at 6), it is not properly raised in a motion for "reconsideration."  The Court has not previously considered this issue.  Accordingly, the Court denies without prejudice this portion of Broussard's motion, which would be more appropriately filed as a stand-alone motion, limited to an Amendment 821 argument.

In sum, the Court denies without prejudice the portion of Broussard's motion concerning relief under Amendment 821, and otherwise denies Broussard's Motion for Reconsideration as it relates to all other grounds for relief.

23

J. **"Motion for Release Pending Disposition of Rehearings and for Detention Hearing" [Doc. No. 408]**

Broussard moves for release "pending disposition of rehearings and for detention hearing." (Def.'s Mot. for Release [Doc. No. 408].) The Court has sentenced Broussard to life imprisonment, finding that he poses a clear and present danger to the public. (Sentencing Hr'g Tr. at 80.) He has not demonstrated otherwise and there is no basis for his release or for "rehearings." Accordingly, this motion is denied.

III.  **CONCLUSION**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Pro Se Motion to Appoint Appellate Counsel [Doc. No. 282] is **DENIED AS MOOT**.

2. Defendant's Pro Se Motion to Stay Sentence and Release Pending Disposition of Appeal [Doc. No. 286] is **DENIED AS MOOT**.

3. Defendant's Pro Se Motion for Resentencing [Doc. No. 289] is **DENIED**.

4. Defendant's Pro Se Motion to Dismiss the Indictment and Multiple Counts [Doc. No. 372] is **DENIED**.

5. Defendant's Pro Se Motion for Acquittal and to Compel Production of Trial Exhibits [Doc. No. 374] is **DENIED**.

6. Defendant's Pro Se Motion for Writ of Mandamus [Doc. No. 376] is **DENIED**.

7. Defendant's Pro Se Motion for Acquittal and a New Trial [Doc. No. 382] is **DENIED**.

8. Defendant's Pro Se Motion for Recusal [Doc. No. 388] is **DENIED**.

9. Defendant's Pro Se Motion for "Writ of Praecipe to the Clerk Requesting Disposition Scheduling for Pending Motions" [Doc. No. 390] is **DENIED**.

10. Defendant's Pro Se Motion for a New Trial [Doc. No. 392] is **DENIED**.

11. Defendant's Pro Se Motion for a New Trial [Doc. No. 395] is **DENIED**.

12. Defendant's Pro Se Motion for Acquittal [Doc. No. 397] is **DENIED**.

13. Defendant's Pro Se Motion for a New Trial [Doc. No. 399] is **DENIED**.

14. Defendant's Pro Se Motion for a New Trial [Doc. No. 401] is **DENIED**.

15. Defendant's Pro Se Motion for a New Trial [Doc. No. 405] is **DENIED**.

16. Defendant's Pro Se Motion for Reconsideration [Doc. No. 407] is **DENIED WITHOUT PREJUDICE**, in part, as to the claim for relief under Amendment 821, and is otherwise **DENIED**, in part, as to all other grounds for relief.

17.  Defendant's Pro Se Motion for Release Pending Disposition of Rehearings, and for Detention Hearing [Doc. No. 408] is **DENIED**.


Dated: February 16, 2024                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge