UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Crim. No. 19-101 (SRN/ECW) |
| **Plaintiff,** | |
| v. | ORDER |
| **Aaron Rhy Broussard,** | |
| **Defendant/Petitioner** | |

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101; Melinda A. Williams and Thomas M. Hollenhorst, Office of the U.S. Attorney, 300 S. 4th St., Ste. 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Aaron Rhy Broussard, Reg. No. 20944-041, USP-McCreary, Unit 1B, P.O. Box 3000, Pine Knot, KY 42635, Pro Se Defendant/Petitioner

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court are Pro Se Defendant Aaron Rhy Broussard's "Motion for Reconsideration of Motions to Vacate, for Stay, and Etc." ("Motion for Reconsideration") [Doc. No. 427]; Motion for Leave to File Supplemental Grounds for Motion to Vacate [Doc. No. 428]; Motion for Second Leave to File Supplemental Ground for Motion to Vacate [Doc. No. 429]; Motion for Leave to File Tendered Supplemental Briefing [Doc. No. 432] (collectively, "Motions for Supplemental Grounds and Briefing"); and his Motion

1

for Recusal [Doc. No. 431].¹ For the reasons set forth below, Mr. Broussard's motions are denied.

## I. BACKGROUND

In March 2022, a jury convicted Mr. Broussard of conspiracy and sixteen other drug-related counts concerning the importation, possession, and distribution of fentanyl that led to the deaths and serious bodily injuries of customers of his internet drug business from March through May of 2016.  (Redacted Jury Verdict [Doc. No. 201].)  The jury found that Mr. Broussard's actions led to the deaths of 11 customers and seriously injured four others.  (*Id*. at 3–7.)

After trial, following a *Faretta* hearing, Mr. Broussard chose to represent himself at the sentencing stage.  (*See* Aug. 2, 2022 Minute Entry [Doc. No. 248].)  Before sentencing, the Court denied 16 pro se motions that Mr. Broussard had filed [Doc. Nos. 234, 239, 241, 242, 243, 245, 246, 247, 250, 251, 252, 253, 256, 257, 259, 267], including a motion for a new trial.  (Sept. 6, 2022 Order [Doc. No. 268].)  In September 2022, the Court sentenced Mr. Broussard to a within-Guidelines sentence of life imprisonment on Counts 1 and 4 through 15; 40 years on Counts 2 and 3; and 20 years on Counts 16 and 17, to be served concurrently.  (Sentencing J. & Am. Sentencing J. [Doc. Nos. 279 & 297].)

Mr. Broussard then filed a notice of appeal [Doc. No. 281]. Federal Defender Robert H. Meyers was appointed as appellate counsel and filed an appellate brief on Mr.

---

¹ Also pending before the Court is Mr. Broussard's Pro Se Motion for Compassionate Release [Doc. No. 430], which the Court will address separately, following the submission of a responsive memorandum and reply memorandum.

Broussard's behalf. *See United States v. Broussard*, 87 F.4th 376 (8th Cir. 2023). Mr. Broussard later moved to proceed pro se on appeal and requested an extension of time to file his own brief, but the Eighth Circuit denied his requests. *Broussard*, No. 22-2980, Order, (8th Cir. May 19, 2023). Nevertheless, Mr. Broussard filed a pro se supplemental brief, which the Eighth Circuit declined to entertain due to Mr. Broussard's legal representation. *Broussard*, 87 F.4th at 380 n.2.

While his direct appeal was pending, Mr. Broussard continued to file motions in this Court, including a Motion for Release [Doc. No. 286], which he separately appealed, pro se, to the Eighth Circuit [Doc. No. 378]. The Eighth Circuit dismissed his pro se appeal as premature [Doc. No. 385].

In November 2023, the Eighth Circuit denied Mr. Broussard's direct appeal. *Broussard*, 87 F.4th at 379. After the Eighth Circuit issued its mandate in February 2024, this Court addressed numerous pro se motions filed by Mr. Broussard while his appeal was pending, including six motions for a new trial and a motion for recusal, all of which the Court denied. (Feb. 16, 2024 Order [Doc. No. 410].)

In July 2024, the Court addressed the following three motions filed by Mr. Broussard: (1) his Motion to Vacate Under 28 U.S.C. § 2255 ("2255 Motion") [Doc. No. 414], in which he raised 26 interrelated grounds for relief; (2) his "Motion for Stay, and Release Pending Disposition of Motion to Vacate; for Leave to Expand the Record, for Production of Transcripts on Govts Expense, and Detention Hearing" ("Motion for Stay and Release") [Doc. No. 415]; and (3) his "Request for Leave to File Continuation of Memorandum; and Continuation of Memorandum in Support of 18 U.S.C. 2255" ("Motion

3

for Supplemental Memorandum") [Doc. No. 421]. In the Court's 47-page ruling, it denied his 2255 Motion and his Motion for Supplemental Memorandum, and also denied as moot his Motion for Stay and Release. (July 9, 2024 Am. Order [Doc. No. 425].)

In the instant Motion for Reconsideration, Mr. Broussard seeks reconsideration of the Court's July 9, 2024 Amended Order, and in his Motions for Supplemental Grounds and Briefing, he seeks to augment his Motion for Reconsideration. Finally, he seeks the Court's recusal.

## II.   DISCUSSION

### A. Motion for Reconsideration and Motions for Supplemental Grounds and Briefing

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Johnson*, No. 16-cr-0193 (WMW/BRT), 2021 WL 424675, at *1 (D. Minn. Feb. 8, 2021) (internal quotation marks and citation omitted). Such motions "should not be employed to relitigate old issues, but rather to afford an opportunity for relief in extraordinary circumstances." *United States v. Hopkins*, No. 11-cr-230(1) (DWF), 2021 WL 363845, at *1 (D. Minn. Feb. 3, 2021).

Mr. Broussard fails to meet the standard necessary for reconsideration. He simply presents the same arguments presented to the Court in his 2255 Motion or he presents variations of those arguments. (*Compare* Mot. for Reconsid. at 1–6, *with* July 9, 2024 Am. Order at 11–45.) In the Order on Mr. Broussard's 2255 Motion, the Court addressed his arguments in great detail, finding no grounds for relief. In his Motion for Reconsideration, Mr. Broussard has not put forth "a manifest error of law or fact in the [c]ourt's prior orders

4

nor presented newly discovered evidence that would warrant a different result," *Johnson*, 2021 WL 424675, at *1. Nothing in his Motion for Reconsideration convinces the Court that it erred in denying Mr. Broussard's 2255 Motion, his Motion for Stay and Release, and his Motion for Supplemental Briefing. Mr. Broussard has had ample opportunity to present his legal arguments at all stages of the criminal proceedings, he has taken the opportunity to do so, and the Court has thoroughly addressed his arguments. Accordingly, his Motion for Reconsideration is denied.

Because his Motions for Supplemental Grounds and Briefing relate to his Motion for Reconsideration and similarly fail to meet the standard necessary for reconsideration, they are likewise denied.[2]

Finally, in the Court's prior ruling on Mr. Broussard's 2255 Motion, the Court did not grant a Certificate of Appealability. (July 9, 2024 Am. Order at 45–46.) This Order does not change that determination.

### B. Motion for Recusal

Under 28 U.S.C. § 455, disqualification is required "in any proceeding in which [the judge's] impartiality might reasonably be questioned," including when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed

---

[2] The Court briefly addresses one new factual basis for relief that Mr. Broussard asserts in his Motion for Leave to File Tendered Supplemental Briefing. (Def.'s Mot. for Leave to File Supp'l Briefing at 1.) He argues that a juror with the last name of Carlson was excused as an alternate juror, yet nevertheless remained on the jury panel that deliberated and convicted him. (*Id.*) The Court has reviewed its records. There were two female jurors with the last name Carlson—one was an alternate, who was excused prior to deliberations, and the other was a juror who deliberated and reached a verdict.

evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Because judges are presumed to be impartial, a party seeking recusal bears a substantial burden of proving the lack of impartiality. *United States v. Hogeland*, 10-CR-0061 PJS/AJB, 2012 WL 4868904, at *8 (D. Minn. Oct. 15, 2012), *aff'd sub nom. United States v. Bennett*, 765 F.3d 887 (8th Cir. 2014) (citing *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (citation and quotations omitted)).

In his Motion for Recusal, Mr. Broussard presents arguments that he has previously raised in support of recusal or in his 2255 Motion. (*See* Feb. 16, 2024 Order at 11–19; July 9, 2024 Am. Order at 24–34.) In particular, he contends that the Court prejudged his guilt and demonstrated bias, citing legal rulings that were not in his favor, and remarks made at sentencing. (Def.'s Mot. for Recusal at 1–3.) The Court has rejected his arguments in prior rulings and remains unpersuaded that recusal is required. (*See* Feb. 16, 2024 Order at 11–19; July 9, 2024 Am. Order at 24–34.) The mere fact of Mr. Broussard's disagreement with the Court fails to meet the high burden of demonstrating judicial bias or impartiality. It cannot serve as a basis for recusal. Accordingly, his motion is denied.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's "Motion for Reconsideration of Motions to Vacate, for Stay, and Etc." [Doc. No. 427] is **DENIED**.

2. Defendant's Motion for Leave to File Supplemental Grounds for Motion to Vacate [Doc. No. 428] is **DENIED**.

3. Defendant's Motion for Second Leave to File Supplemental Ground for Motion to Vacate [Doc. No. 429] is **DENIED**.

4. Defendant's Motion for Leave to File Tendered Supplemental Briefing [Doc. No. 432] is **DENIED**.

5. Defendant's Motion for Recusal [Doc. No. 431] is **DENIED**.

Dated: December 6, 2024

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge