UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-101 (SRN/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Aaron Rhy Broussard, | |
| Defendant/Petitioner | |

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101; Melinda A. Williams and Thomas M. Hollenhorst, Office of the U.S. Attorney, 300 S. 4th St., Ste. 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Aaron Rhy Broussard, Reg. No. 20944-041, USP-McCreary, Unit 1B, P.O. Box 3000, Pine Knot, KY 42635, Pro Se Defendant/Petitioner

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the "Motion[] for Reconsideration [Doc. No. 433] and for New Trial Pursuant to Rule 33(a) [Doc. No. 442]"[1] filed by Aaron Rhy Broussard. For the reasons set forth below, his motion is denied. The Court further orders Mr. Broussard to show cause, within 14 days, for why proposed filing restrictions should not be imposed in this action.

---

[1] Although Mr. Broussard's caption refers to "motions," plural, because the filing is contained in a single document, the Court refers to it as a "motion," singular.

I.     BACKGROUND

Mr. Broussard was charged with conspiracy and other drug-related counts concerning the importation, possession, and distribution of fentanyl that led to 11 deaths and four instances of serious bodily injury among the customers of his internet drug business. (Indictment [Doc. No. 1].) After twice receiving a continuance of his trial date [Doc. Nos. 82, 92, 98], Mr. Broussard filed additional motions, pro se, for a continuance [Doc. Nos. 107, 113]. After the Court denied his motions [Doc. No. 118], he filed his first interlocutory appeal [Doc. No. 133] challenging the denial of his request for a continuance, which the Eighth Circuit Court of Appeals dismissed for lack of jurisdiction [Doc. No. 156].

Approximately one month before trial, Mr. Broussard filed a civil lawsuit against the prosecutors in his pending criminal trial, seeking a temporary restraining order to stop his criminal prosecution from proceeding. *Broussard v. Hollenhorst*, 22-cv-342 (SRN/ECW) [Doc. Nos. 1, 3]. Meanwhile, in his criminal case, he sought to postpone his trial due to an alleged "conflict of interest" that he had created by filing the civil lawsuit. (Def.'s Pro Se Mot. to Disqualify & Quash [Doc. No. 141] at 1–2.) On March 11, 2022, the Court issued an order in the civil lawsuit denying Mr. Broussard's motion for injunctive relief, dismissed the portions of the Amended Complaint against the prosecutors on grounds of prosecutorial immunity, and stayed the remaining portion of the civil case pending resolution of Broussard's criminal prosecution. (*Broussard*, 22-cv-342 [Doc. No. 12].) Four days before the start of his criminal trial, Mr. Broussard appealed the March 11, 2022 ruling in his civil case to the Eighth Circuit Court of Appeals, which subsequently

2

affirmed this Court's denial of injunctive relief and dismissed the remainder of the appeal for lack of jurisdiction. (*Id.*, 8th Cir. J. & Mandate [Doc. Nos. 22 & 23].)

His criminal trial proceeded on March 14, 2022, during which Mr. Broussard was represented by counsel. (*See* Mar. 14, 2022 Redacted Tr. [Doc. No. 412] at 14.) On March 31, 2022, Mr. Broussard was convicted on all 17 counts submitted to the jury. (Redacted Jury Verdict [Doc. No. 201].)

Within a week of his conviction, Mr. Broussard filed a second pro se interlocutory appeal in his criminal case, challenging certain pretrial rulings [Doc. No. 213]. The Eighth Circuit dismissed his interlocutory appeal for lack of jurisdiction [Doc. No. 217]. Before sentencing, Mr. Broussard filed a third pro se interlocutory appeal [Doc. No. 260], which the Eighth Circuit dismissed as premature [Doc. No. 264]. In this Court, Mr. Broussard also filed 16 pro se post-trial motions, which the Court denied [Doc. No. 268]. In September 2022, the Court sentenced Mr. Broussard to a within-Guidelines sentence of life imprisonment. (*See* Am. Sentencing J. [Doc. No. 297].) Mr. Broussard appealed [Doc. No. 281].

In November 2023, the Eighth Circuit affirmed Mr. Broussard's conviction and issued its mandate. *United States v. Broussard*, 87 F.4th 376 (8th Cir. 2023). While his appeal was pending, Mr. Broussard continued to file pro se motions in this Court, including a Motion for Release [Doc. No. 286], which he separately appealed, pro se [Doc. No. 378], asserting that this Court had failed to rule on it. The Eighth Circuit dismissed that appeal as premature [Doc. No. 385].

In February 2024, the Court ruled on 17 of Mr. Broussard's pending motions [Doc. No. 410], of which eight were motions seeking acquittal and/or a new trial. Except for denying without prejudice his motion for relief under recent amendments to the U.S. Sentencing Guidelines, the Court denied Mr. Broussard's motions. (Feb. 16, 2024 Order at 24–25.)

In March 2024, Mr. Broussard filed his Motion to Vacate Sentence Under 28 U.S.C. § 2255 ("2255 Motion") [Doc. No. 414]. In a 47-page Order issued in July 2024, the Court thoroughly addressed Mr. Broussard's claims, denied relief, and denied a certificate of appealability [Doc. Nos. 424 & 425].

Broussard then filed a series of pro se motions [Doc. Nos. 427, 428, 429] seeking reconsideration of the July 2024 denial of his 2255 Motion. The Court denied his request for reconsideration in its December 6, 2024 Order [Doc. No. 433], after which Mr. Broussard sought reconsideration of the December 6, 2024 Order [Doc. No. 435] and also sought a new trial [Doc. No. 438]. The Court denied Mr. Broussard's motions in its January 24, 2024 Order [Doc. No. 439].

II.     DISCUSSION

   A. Motion for Reconsideration and for a New Trial

In the instant motion, filed on February 3, 2025, Mr. Broussard again seeks reconsideration of the Court's December 6, 2024 Order on his earlier request for reconsideration, and he also moves for a new trial. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Johnson*, No. 16-cr-0193 (WMW/BRT), 2021 WL 424675, at

4

\*1 (D. Minn. Feb. 8, 2021) (internal quotation marks and citation omitted). Such motions "should not be employed to relitigate old issues, but rather to afford an opportunity for relief in extraordinary circumstances." *United States v. Hopkins*, No. 11-cr-230(1) (DWF), 2021 WL 363845, at \*1 (D. Minn. Feb. 3, 2021). It is possible that Mr. Broussard filed the instant motion before receiving a copy of the January 24, 2024 Order in the mail, in which case the instant motion would be moot, as it likewise seeks reconsideration of the December 6, 2024 Order. In any event, Mr. Broussard seeks reconsideration—for the second time—of a ruling [Doc. No. 433] on his earlier request for reconsideration, but he again fails to meet the standard necessary for reconsideration. For all of the reasons previously stated [Doc. Nos. 433, 439], his request for reconsideration is denied.

Nor is Mr. Broussard entitled to a new trial under Federal Rule of Criminal Procedure 33(a). His claim for relief is untimely, as he presents no newly discovered evidence that would warrant a new trial, and any motion seeking another basis for relief should have been filed within 14 days of the verdict. Fed. R. Crim. P. 33(b)(1)-(2). He asserts bias on the part of the Court—an argument that he has frequently raised in past motions and which is without merit. Accordingly, his "Motion[] for Reconsideration [Doc. No. 433] and for New Trial Pursuant to Rule 33(a)" [Doc. No. 442] is denied.

### B. Notice of Filing Restriction

Although pro se litigants have a right of access to the courts, that right does not encompass the filing of frivolous, malicious, or duplicative motions. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988). A court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant

who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id*. at 1293.  Mr. Broussard has a long history of filing repetitive motions, as well as a civil lawsuit against the prosecutors in his criminal case, because he disagrees with the Court's prior rulings.  At times, he has manipulated the judicial process to try to obtain an outcome in his favor and/or to delay proceedings.  Throughout this case, the Court has taken care to explain the bases for its rulings and to grant Mr. Broussard leeway, as he has frequently represented himself, as he does now.  Mr. Broussard's sheer number of repetitive filings, on issues that the Court has repeatedly denied, are non-meritorious and are abusive of the judicial process.  Mr. Broussard was tried, convicted, filed a direct appeal, and filed a collateral appeal.  This Court has ruled on his numerous pro se filings.   At this point, he is not entitled to endless filings in a criminal case that has concluded, with the limited exception of his pending Pro Se Motion for Compassionate Release [Doc. No. 430].  Accordingly, the Court proposes the following limited filing restriction in this criminal case:

> Any materials sent to the Court for filing in this criminal case (which includes habeas petitions), *United States v. Broussard*, 19-cr-101, will first be screened by the Court to determine whether they are viable and non-duplicative.  This restriction will not preclude Broussard from proceeding with viable and non-duplicative motions or petitions for relief (which will be authorized), but only from proceeding with continued duplicative, vexatious, or otherwise frivolous motion practice in this case.  Materials that do not pass the review process will not be filed.  This review process and restriction will apply to any materials that Mr. Broussard, or anyone acting on his behalf, submits to the Court in this case.  It will not apply to the filing of his Reply memorandum in support of his pending Motion for Compassionate Release [Doc. No. 430].  He may file one Reply memorandum in support of that motion within the briefing schedule set by the Court.  All other materials in this case will be subject to these restrictions.

Mr. Broussard shall have 14 days from the date of this Order to show cause why the proposed filing restrictions should not be imposed. His response to the proposed restrictions shall be limited to 10 pages. If he does not timely show cause, the filing restrictions will take effect 20 days from the entry of this Order. If he does file a response, the proposed filing restrictions will not take effect until the Court reviews his response, in which case, the filing restrictions shall apply to any filing with this Court after that ruling.

Accordingly, it is **HEREBY ORDERED THAT**:

1. Defendant Aaron Rhy Broussard's Motion for Reconsideration and for New Trial Pursuant to Rule 33(a) [Doc. No. 442] is **DENIED**.

2. Defendant Aaron Rhy Broussard is **ORDERED TO SHOW CAUSE** within **14 days** as to why the proposed filing restrictions, set forth above, should not be imposed.

Dated: February 4, 2025

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge