UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 19-CR-101 (SRN/ECW) |
| **Plaintiff,** | |
| v. | **ORDER ON MOTION FOR COMPASSIONATE RELEASE** |
| Aaron Rhy Broussard, | |
| **Defendant/Petitioner** | |

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101; Melinda A. Williams and Thomas M. Hollenhorst, Office of the U.S. Attorney, 300 S. 4th St., Ste. 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Aaron Rhy Broussard, Reg. No. 20944-041, USP-Victorville, P.O. Box 3900, Adelanto, CA 92301, Pro Se Defendant/Petitioner

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Pro Se Motion for Compassionate Release from Custody [Doc. No. 430] (the "Compassionate Release Motion") filed by Defendant/Petitioner Aaron Rhy Broussard.  Mr. Broussard seeks release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Government opposes Mr. Broussard's motion.  (Gov't's Opp'n [Doc. No. 444] at 6–13).  Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies the motion without prejudice.

1

**I.   BACKGROUND**

The underlying facts of Mr. Broussard's conviction are set forth in numerous prior orders [*see, e.g.*, Doc. Nos. 268, 410, 424, 425]. In brief, Mr. Broussard was charged with conspiracy and other drug-related counts concerning the importation, possession, and distribution of fentanyl that led to 11 deaths and four instances of serious bodily injury among the customers of his internet drug business. (Indictment [Doc. No. 1].) On March 31, 2022, Mr. Broussard was convicted on all 17 counts submitted to the jury. (Redacted Jury Verdict [Doc. No. 201].) After denying his 16 post-trial motions [Doc. No. 268], in September 2022, the Court sentenced Mr. Broussard to a within-Guidelines sentence of life imprisonment. (*See* Am. Sentencing J. [Doc. No. 297].)

The Eighth Circuit Court of Appeals affirmed Mr. Broussard's conviction, describing the evidence against him as "overwhelming." *United States v. Broussard*, 87 F.4th 376, 379 (8th Cir. 2023). Mr. Broussard continued to file numerous pro se motions in this Court, of which eight sought acquittal or a new trial, and which the Court denied [Doc. No. 410].

In March 2024, Mr. Broussard filed his Motion to Vacate Sentence Under 28 U.S.C. § 2255 ("2255 Motion") [Doc. No. 414]. In a 47-page Order issued in July 2024, the Court thoroughly addressed Mr. Broussard's claims, denied relief, and denied a certificate of appealability [Doc. Nos. 424 & 425]. The Court also denied Mr. Broussard's subsequent requests for reconsideration [Doc. Nos. 433, 439, 443].

Mr. Broussard is currently incarcerated at the U.S. Penitentiary in Victorville, California. *See* Federal Bureau of Prisons ("BOP"), *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed July 14, 2025).

In the instant motion, Mr. Broussard seeks compassionate release on four grounds: (1) he was a "young adult" at the time he committed his offenses, and is therefore "less guilty" than other defendants; (2) he received "an unusually long sentence"; (3) family circumstances require him to provide care for his grandmother; and (4) prison conditions and his rehabilitation warrant compassionate release. (Def.'s Comp. Release Mot. at 1–6.)

In opposition, the Government first argues that Mr. Broussard's "youthful offender" argument fails as a basis for relief because it is merely an unauthorized second or successive § 2255 motion. (Gov't's Opp'n at 6–7 & n.1.)

Second, as to Mr. Broussard's "unusually long sentence" argument, the Government challenges the validity of U.S. Sentencing Guidelines § 1B1.13(b)(6)—the authority under which Mr. Broussard raises this claim for relief. The Government requests a stay pending resolution of this issue before the Eighth Circuit, which is considering the issue in two appeals. (*Id.* at 7–10) (citing *United States v. Loggins*, No. 24-1488 (8th Cir. 2024); *United States v. Crandall*, No. 24-1569 (8th Cir. 2024)). Absent a stay, the Government requests that the Court declare § 1B1.13(b)(6) invalid. (*Id.* at 8–9.) If the Court declines to issue a stay or declare § 1B1.13(b)(6) invalid, the Government contends that Mr. Broussard is ineligible for relief under § 1B1.13(b)(6). (*Id.* at 9–10.)

Third, the Government also argues that Mr. Broussard has not demonstrated eligibility for compassionate release based on family circumstances, as he fails to provide any medical records or other evidence in support of his assertions about his grandmother's health and the lack of available caregivers. (*Id.* at 10–11.)

Fourth, the Government asserts that Mr. Broussard's claims about prison conditions and rehabilitation are not proper bases for compassionate release. (*Id.* at 11–12.)

Finally, the Government asserts that Mr. Broussard poses a grave danger to the public if released, and consideration of the sentencing factors under 18 U.S.C. § 3553 also disfavors release. (*Id.* at 13.)

In his Reply,[1] Mr. Broussard argues that his grounds for relief "weren't stand-alone grounds for [compassionate release]," but should be considered collectively. (Def.'s Reply [Doc. No. 447] at 1.) Consequently, he contends, "the [Government's] offer of technicalities are of no relevance." (*Id.*) He further asserts that because he has committed no crimes since his arrest several years ago, it is inappropriate for the Government "to continue to mischaracterize his defense of himself as a lack of remorse, empathy, or rehabilitation." (*Id.*)

---

[1] Although the Court has imposed a limited filing restriction in this case due to Mr. Broussard's history of filing repetitive, non-meritorious motions and in light of the post-direct appeal and post-collateral review posture of this case, the restriction expressly does not apply to the filing of his reply memorandum in support of his Compassionate Release Motion. (Mar. 4, 2025 Order [Doc. No. 446] at 2; Feb. 4, 2025 Order [Doc. No. 443] at 6–7.)

4

## II.   DISCUSSION

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)).  The compassionate release provision, as amended by the First Step Act, is such a statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A).  A court may reduce a defendant's term of imprisonment if: (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission has provided guidance about compassionate release in the U.S. Sentencing Guidelines, § 1B1.13 (2024).  It has identified certain extraordinary and compelling reasons for a sentence reduction, including: (1) the medical circumstances of the defendant; (2) the defendant's advanced age; (3) the defendant's family circumstances; or (4) the defendant being a victim of sexual abuse perpetrated by BOP staff.  U.S.S.G. § 1B1.13(b)(1)–(4).  In addition, a catch-all provision for "other reasons" permits courts to consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [noted above]" that "are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).

Also, the Sentencing Commission has addressed the impact of changes in the law on defendants who have received "unusually long sentence[s]," finding that this may also constitute an extraordinary and compelling reason for a sentence reduction:

5

> (6) <u>Unusually Long Sentence</u>.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6). The unusually-long-sentence provision is subject to the following limitation:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

*Id.* § 1B1.13(c).

A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).

### A. Administrative Exhaustion

As an initial matter, Mr. Broussard has presented his claims to the BOP (Def.'s Ex. 1 [Doc. No. 430-1]) before filing his Motion for Compassionate Release, which the Government acknowledges. (Gov't's Opp'n at 4.) Because Mr. Broussard has exhausted

6

his administrative remedies, his claims are properly before the Court for consideration. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

#### 1. Youthful Offender

Mr. Broussard first argues that compassionate release is warranted due to the age at which he committed the offenses of conviction. (Def.'s Comp. Release Mot. at 1–2.) He states that he was approximately 23 to 26 years old during "the alleged drug conspiracy," and that his "young adult" status makes him "less guilty" than other defendants. (*Id.* at 1.)

Mr. Broussard's argument appears to arise under Guidelines § 1B1.13(b)(5), the catch-all provision for "other reasons" constituting "extraordinary and compelling reasons" for compassionate release, considered alone or in combination. U.S.S.G. § 1B1.13(b)(5). Mr. Broussard cites *United States v. Lara*, 658 F. Supp. 3d 22, 28–34 (D. R.I. 2023), in which the court granted compassionate release to a defendant who had served 28 years of a life sentence for carjacking resulting in death, reasoning that the defendant was 18 years old at the time of the offense, and he had not pulled the trigger that led to the victim's death, yet he had received the same sentence as the shooter under the then-mandatory Sentencing Guidelines in effect at the time of his sentencing. *Id.* Also in support of this ground for relief, Mr. Broussard cites articles regarding human brain development, arguing that at sentencing, the Court failed to consider that his brain was not fully developed at the time he committed his offenses. (Def.'s Comp. Release Mot. at 1–2) (citations omitted).

Mr. Broussard cites no controlling Eighth Circuit precedent, however, and the Court finds the facts here are quite distinguishable from *Lara*. Instead, they are more like the

7

facts in *United States v. Logan*, 532 F. Supp. 3d 725, 728 (D. Minn. 2021), in which the defendant also sought compassionate release based on his young age—20—at the time of the offenses.   Now-Chief Judge Patrick J. Schiltz denied compassionate release to Mr. Logan, who was serving a 540-month sentence for convictions on firearms-related trafficking, conspiracy, and robbery offenses. *Id.* at 741.  Chief Judge Schiltz explained that when considering compassionate release motions, he gave less weight to "intrinsic factors"—such as the defendant's status as a young offender—that were before the sentencing judge at the time of sentencing, and more weight to extrinsic factors—such as subsequent changes in the law and the facts that could not have been reflected in the sentencing judgment. *Id.* at 735.  Chief Judge Schiltz conceded that while "Logan was very young when he committed his crimes," his "long series of terrible crimes . . . definitely resulted in the deaths of two people and likely resulted in the deaths of others.  Moreover, as best the Court can tell, Logan has never taken any responsibility for his crimes." *Id*. at 740–41.

Here, not only was Mr. Broussard older than the defendants in *Lara* and *Logan* at the time he committed his crimes, but his brain was also sufficiently developed to allow him to run an online drug business that imported controlled substances from a foreign country, marketed the drugs online for resale to customers under the guise of "plant food," and distributed the drugs to customers nationwide. (*See* Sentencing Tr. [Doc. No. 315] at 78–79.)  Even when Mr. Broussard's Chinese supplier warned him to test the drugs he sold online prior to shipping them to his customers, he failed to do so, and continued to sell the drugs as 4-Fluoroamphetamine, a drug similar to the prescription medicine Adderall. (*Id.*)

8

But instead of shipping his customers the Adderall-like drug they had ordered, in March and April 2016, the untested drugs that he shipped contained fentanyl, a potent narcotic. Mr. Broussard persisted in shipping these untested drugs even after learning that his customers were overdosing. (*Id.*) Undeterred, Mr. Broussard even sought to leverage a discount on future purchases from his Chinese supplier due to the drug "mix up." (*Id.*) As noted, his actions resulted in the deaths of 11 people and physical injuries to four others. These facts demonstrate that Mr. Broussard's criminal conduct committed between ages 23 to 26 required a level of planning and decisionmaking skills more advanced and developed than the carjacking, albeit deadly, committed by the 18-year-old defendant in *Lara*. *See Lara*, 658 F. Supp. 3d at 25–26. The policy reasons that Mr. Broussard advances for compassionate release based on a youthful offender's brain development (Def.'s Comp. Release Mot. at 1–2) are not implicated under these facts. Given the gravity of Mr. Broussard's conduct, compassionate release on the basis of his age at the time he committed the offenses is inappropriate, whether age is considered alone or in combination with other reasons, under the Guidelines' catch-all provision. *See* U.S.S.G. § 1B1.13(b)(5).

Moreover, to the extent that the basis for his youthful offender argument arises under Amendment 829 to the Sentencing Guidelines, it also fails. Amendment 829 modified language in Sentencing Guidelines § 5H1.1 regarding youthful offenders. The Guidelines Policy Statement on "age" currently states that "[a]ge may be relevant in determining whether a departure is warranted" and that

> [a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and

9

> contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.
>
> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

U.S.S.G. § 5H1.1.

Amendment 829 has not been made retroactively applicable to defendants seeking compassionate release, however. *See* U.S.S.G. § 1B1.10 (listing amendments for which a reduction in sentence may apply retroactively, and not listing Amendment 829); *see also United States v. Dunn*, No. 17-cr-168 (SRN/KMM), 2025 WL 1364166, at *4 (D. Minn. May 12, 2025). The Sentencing Commission's policy statement provides that "an amendment to the Guidelines Manual that has not been made retroactive [] shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c). While a non-retroactive change may not serve as an independent basis for relief, if a defendant *otherwise establishes* extraordinary and compelling reasons for a sentence reduction, courts may take into consideration a non-retroactive amendment, but only to determine *the extent* of any such reduction. *Id.* (emphasis added). As the Court discusses below, Mr. Broussard has not otherwise established that extraordinary and compelling reasons warrant compassionate release.

### 2. Unusually Long Sentence

Mr. Broussard invokes Sentencing Guidelines § 1B1.13(b)(6) (Def.'s Comp. Release Mot. at 2), which applies to defendants who have received unusually long sentences, who have served at least 10 years of imprisonment, and for whom a change in the law (other than an amendment to the Guidelines that has not been made retroactive) "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

As noted, the Government asks the Court to stay its ruling on this claim pending resolution of the appeals to the Eighth Circuit in *Crandall* and *Loggins* concerning § 1B1.13(b)(6). The Court declines to reserve its ruling because it is able to rule on the instant motion even assuming the validity of § 1B1.13(b)(6).[2] Even assuming § 1B1.13(b)(6)'s validity, Mr. Broussard is ineligible for relief on the merits. *See Dunn*, 2025 WL 1364166, at *4 (finding defendant ineligible for relief, even assuming the validity of § 1B1.13(b)(6)); *United States v. Reese*, 735 F. Supp. 3d 1094, 1099 (D. Minn. 2024) (noting "an ongoing debate among the circuit courts regarding the validity and application of U.S.S.G. § 1B1.13(b)(6)," and resolving the defendant's compassionate release motion on other grounds); *see also United States v. Salazar*, No. 23-cr-247(1) (DWF/DTS), 2025 WL 1207589, at *1 (D. Minn. Apr. 25, 2025) (acknowledging

---

[2] Moreover, the Court is concerned about the potential for additional delay. Pursuant to the appellants' unopposed motions, the Eighth Circuit has agreed, in turn, to hold the appeals in Crandall and Loggins in abeyance pending resolution of consolidated appeals before the Supreme Court in *Carter v. United States* (S. Ct. No. 24-860), and *Rutherford v. United States* (S. Ct. No. 24-820) concerning § 1B1.13(b)(6). *See Loggins* (8th Cir. Order June 30, 2025); *Crandall* (8th Cir. Order June 30, 2025).

11

"ongoing debate," and declining to address the section's validity or to stay the case pending the Eighth Circuit's decision in *Loggins* and *Crandall* because defendant's argument failed on the merits).

Although the Court sentenced Mr. Broussard in 2022, and the BOP credited him with time in custody (*see* Gov't's Ex. 1 [Doc. No. 445] at 2), he has not yet served a sentence of "at least 10 years," as required for relief under this provision. (*See* Def.'s Comp. Release Mot. at 6) (acknowledging having been in custody for "the past 8 years."). But most importantly, Mr. Broussard received a within-Guidelines life sentence, and he has not identified any change in the sentencing laws that occurred since 2022 that would create a "gross disparity" between his sentence and a sentence that the Court would likely impose today. *See id*. For all of these reasons, this ground for relief fails.

### 3. Family Circumstances

A defendant's family circumstances, in narrow instances, may constitute an extraordinary and compelling reason for compassionate release, alone, or in combination with other reasons. U.S.S.G. § 1B1.13(b). As relevant here, relief may be warranted due to the incapacitation of the defendant's immediate family member "when the defendant would be the only available caregiver for such family member." *Id.* § 1B1.13(b)(3)(D).

The Court is sympathetic to Mr. Broussard's concerns about the declining health of his grandmother, whom he contends suffers from several chronic medical conditions. (Def.'s Comp. Release Mot. at 3–4.) However, he does not state that she is "incapacitated," nor does he provide sufficient evidence to support his claim, such as detailed medical

12

records, social services records, or birth certificates.³ *See United States v. Collins*, Nos. 15-10188-EFM, 17-10061-EFM, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (arising under related provisions for compassionate release due to the death or incapacitation of a spouse/caregiver of the defendant's minor child, and stating that a prisoner must provide information and documentation showing incapacitation, as well as verifiable documentation of the relationship between the inmate and the family member, and verifiable documentation providing the name and age of the family member, and a release plan). Accordingly, the Court denies compassionate release as to this ground for relief.

### 4. Rehabilitation and Prison Conditions

Also in support of his motion, Mr. Broussard asks the Court to consider his rehabilitation, as well as harsh prison conditions. (Def.'s Comp. Release Mot. at 5.) While Mr. Broussard has engaged in rehabilitative efforts, including employment and participation in educational programming, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t). While rehabilitation may be considered in combination with other circumstances to determine whether and to what extent a reduction is warranted, the Court finds that no other circumstances warrant compassionate release.

---

³ Nor does Mr. Broussard provide verifiable documentation demonstrating that he would be the only available caregiver for his grandmother, who resides in Louisiana. (*See* Def.'s Comp. Release. Mem. at 4) (identifying other family members who reside in Louisiana).

Mr. Broussard also contends that compassionate release is warranted due to "harsh prison conditions." (Def.'s Comp. Release Mot. at 5.) To the extent a prisoner seeks to challenge the conditions of confinement, compassionate release is not the proper means to do so. *United States v. Roberts*, CR 12-196 (DWF/TNL), 2024 WL 4729084, at *2 (D. Minn. Nov. 8, 2024) ("While poor prison conditions may give rise to other legal remedies, poor prison conditions do not justify compassionate release."). In addition, Mr. Broussard's complaints of harsh prison conditions specifically refer to USP-McCreary, where he was formerly incarcerated. (Def.'s Comp. Release Mot. at 5.) Because he has since transferred to USP-Victorville, his facility-specific argument in support of compassionate release is also moot.

### D. Factors Under 18 U.S.C. § 3553(a)

Pursuant to the Sentencing Commission's policy statement, a court may reduce a term of imprisonment for an eligible defendant only after considering the sentencing factors set forth in 18 U.S.C. § 3553(a),[4] if applicable, and if the court determines that

---

[4] Pursuant to § 3553(a), and as relevant here, the sentencing court shall consider—

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

"the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).

The Court has found that no extraordinary or compelling reasons warrant compassionate release, moreover, consideration of the § 3553(a) factors does not weigh in favor of relief. Mr. Broussard's life sentence reflects the seriousness of his conduct, and he would pose a danger to the public if released. His sentence appropriately provides just punishment for his offenses and affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(B).

### III.  CONCLUSION

Accordingly, based on the foregoing and on all the files, records, and proceedings herein it is **HEREBY ORDERED THAT**:

1. The Pro Se Motion for Compassionate Release from Custody [Doc. No. 430] filed by Defendant/Petitioner Aaron Rhy Broussard is **DENIED without prejudice**.

Dated: July 14, 2025

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

---

18 U.S.C. § 3553(a).