UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-101 (SRN/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Aaron Rhy Broussard, | |
| Defendant/Petitioner | |

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101; Melinda A. Williams and Thomas M. Hollenhorst, Office of the U.S. Attorney, 300 S. 4th St., Ste. 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Aaron Rhy Broussard, Reg. No. 20944-041, USP-Victorville, P.O. Box 3900, Adelanto, CA 92301, Pro Se Defendant/Petitioner

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court are Pro Se Defendant[1] Aaron Rhy Broussard's Motion to Vacate Under 28 U.S.C. § 2255 ("2255 Motion") [Doc. No. 455] and the Government's Motion to Dismiss Second/Successive Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. No. 461].

Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court denies Broussard's motion, denies an evidentiary hearing and certificate of appealability, and grants the Government's motion.

---

[1] Although Broussard is the "petitioner" in this habeas proceeding, because all filings are made in the underlying criminal case, the Court will refer to him as "defendant."

1

I.      BACKGROUND

Mr. Broussard is serving a life sentence for his conviction on 17 drug-related charges, including conspiracy, possession with intent to distribute, distribution of fentanyl resulting in death, and distribution of fentanyl resulting in serious bodily injury. (Redacted Jury Verdict [Doc. No. 201].) On direct appeal, the Eighth Circuit Court of Appeals affirmed Mr. Broussard's conviction, describing the evidence against him as "overwhelming." *United States v. Broussard*, 87 F.4th 376, 379 (8th Cir. 2023).

In March 2024, Mr. Broussard filed his initial Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. No. 414]. In July 2024, the Court addressed Mr. Broussard's claims on the merits, denied relief, and denied a certificate of appealability [Doc. Nos. 424 & 425]. Further, the Court denied Mr. Broussard's subsequent requests for reconsideration [Doc. Nos. 433, 439, 443]. Recently, the Eighth Circuit denied his appeal of this Court's July 2024 denial of a certificate of appealability on his initial 2255 Motion [Doc. No. 460] and the court issued its mandate [Doc. No. 470].

In the instant 2255 Motion, Mr. Broussard contends that he is entitled to relief under *Smith v. Arizona*, 602 U.S. 779, 790–91 (2024). In *Smith*, the defendant challenged the admissibility at trial of a laboratory analyst's expert testimony where the testimony was based on the notes, results, and conclusions of a different, non-testifying analyst. *Id.* at 790–91. The Supreme Court held that the Confrontation Clause bars "the admission at trial of an absent witness's statements . . . unless the witness is unavailable and the defendant had a prior chance to subject her to cross-examination." *Id.* at 784.

The Government urges the Court to deny Mr. Broussard's 2255 Motion and dismiss his petition as an unauthorized successive 2255 petition.

## II.   DISCUSSION

The Court must first determine if it has jurisdiction to consider Mr. Broussard's motion. Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by a court. The law limits a defendant to one 2255 motion unless he obtains certification for a second or successive motion from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h). Authorization for a second or successive § 2255 petition is limited to claims that arise under a new rule of constitutional law (that applies retroactively) or newly discovered evidence that demonstrates that the petitioner is actually innocent. 28 U.S.C. § 2255(h).

Mr. Broussard's instant 2255 Motion constitutes a successive habeas petition, as he previously filed a 2255 Motion that was decided on the merits. He relies on *Singleton v. Norris*, 319 F.3d 1018 (8th Cir. 2003), *cert. denied*, 493 U.S. 874 (1989), for the proposition that "a claim that couldn't have been raised in a prior habeas petition" is not bound by the rules governing second or successive petitions. (Def.'s 2255 Mot. at 1.) However, *Singleton* is distinguishable. In that case, the petitioner, who had received a death sentence, challenged an involuntary medication order. The Eighth Circuit held that his habeas claim was not successive because it did not arise until the petitioner was subject to an involuntary medication order and an execution date. *Singleton*, 319 F.3d at 1023. The facts here are not similar. Rather, Mr. Broussard remains subject to the procedural

rules of 28 U.S.C. § 2255(h), which require him to seek permission from the Eighth Circuit prior to filing a successive habeas petition. The Court therefore denies his 2255 Motion without prejudice for lack of jurisdiction and grants the Government's Motion to dismiss his petition. Under the circumstances, no evidentiary hearing is necessary.

The Court also declines to issue a certificate of appealability because Mr. Broussard has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Broussard's Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 455] is **DENIED WITHOUT PREJUDICE for lack of jurisdiction**.

2. The Government's Motion to Dismiss Second/Successive Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. No. 461] is **GRANTED**.

3. This matter is **DISMISSED**.

4. No certificate of appealability shall be issued and no evidentiary hearing is necessary.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: September 10, 2025

                                                 s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge